■ JUDITH ROSENBERG, Appellant, v RIVERWOOD OWNERS, INC., et al., Respondents. [756 NYS2d 900] —In an action, inter alia, to recover damages for breach of a propriety lease for a cooperative apartment, the plaintiff appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered March 14, 2002, which, upon the plaintiff's default in opposing the defendants' motion for summary judgment dismissing the complaint, an order of the same court, dated February 4, 2002, the parties stipulation that the plaintiff could submit opposition to the motion, and the court's consideration of the plaintiff's opposition papers, in effect, adhered to the order dated February 4, 2002, and granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

After purchasing her cooperative apartment in Yonkers in March 1986 and subletting it to various tenants, the plaintiff attempted to sublet her apartment in October 1995 and July 1997. The proprietary lease allows subletting upon consent of the cooperative's Board of Directors (hereinafter the Board), which "shall not be unreasonably withheld." After reviewing the financial information and related documentation within the respective applications, the Board denied the plaintiff's requests.

The plaintiff commenced this action against the cooperative and members of the Board and the cooperative's managing agent at the time of the denials to recover damages for breach of the proprietary lease and breach of the Board's fiduciary duty to her as a shareholder. The defendants thereafter moved for summary judgment dismissing the complaint. The Supreme Court initially granted the motion upon the plaintiff's default in opposing the motion, by order dated February 4, 2002, and thereafter, pursuant to stipulation, permitted the plaintiff to oppose the motion. The order appealed from, in effect, adhered to the original order, and granted the defendants' motion for summary judgment dismissing the complaint.

The Supreme Court properly concluded that no question of fact exists with respect to the Board's refusal to approve the plaintiff's proposed sublease (see Chambers v 15 Beach Owners, 221 AD2d 400 [1995]; cf. Minoff v Irvington Estates Owners, 232 AD2d 616 [1996]). Its determination was made after due consideration of each applicant's submission (cf. Ludwig v 25 Plaza Tenants Corp., 184 AD2d 623 [1992]). Its withholding of

consent had a legitimate relationship to the welfare of the cooperative and was therefore reasonable (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530 [1990]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment. Prudenti, P.J., Smith, McGinity and Cozier, JJ., concur.