■ Louis W. Gleckel et al., Respondents-Appellants, v 49 West 12 Tenants Corp. et al., Appellants-Respondents. [859 NYS2d 712]—

In an action to recover damages for breach of contract based on the defendants' refusal to consent to the purchase of a cooperative apartment, the defendants appeal from so much of an order of the Supreme Court, Nassau County (McCormack, J.), dated November 13, 2007, as denied their cross motion for summary judgment dismissing the complaint except to the extent of dismissing the demand for punitive damages, and the plaintiffs cross-appeal from so much of the same order as denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, and the defendants' cross motion for summary judgment dismissing the complaint is granted in its entirety; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

Robert Rosen was a tenant/shareholder of residential cooperative apartment 10C, located at 49 West 12th Street, New York, NY, (hereinafter the subject apartment) pursuant to a proprietary lease dated March 9, 1995 with 49 West 12 Tenants Corp. Rosen died on September 10, 2002. His will named his nephew Louis and his friend John Maroscia as executors. The will created a trust with one-fourth beneficiaries Mara Gleckel (Rosen's sister), her sons Louis and Lawrence (Rosen's nephews), and her daughter, Denise Lee Gleckel (Rosen's niece).

With an exception not relevant here, Rosen's proprietary lease stated that, in the event of his death, the defendant board of the cooperative could not "unreasonably" withhold consent to an assignment of the lease to a financially responsible member of his family. All of the trust beneficiaries agreed to allow Rosen's nephew Lawrence Gleckel (hereinafter Lawrence) to purchase the subject apartment. Lawrence accordingly submitted an application to the board. After reviewing Lawrence's financial information and related documentation, the board requested additional information. Lawrence submitted a second packet of materials. After review of these materials, the board denied his application. Lawrence, Louis, and John Maroscia (hereinafter the plaintiffs) commenced this action, alleging that the board had unreasonably withheld its consent to the proposed purchase.

After discovery, the plaintiffs moved for summary judgment on the issue of liability, and the defendants cross-moved for summary judgment dismissing the complaint in its entirety. Finding that triable issues of fact existed as to whether Lawrence adequately demonstrated financial responsibility, and whether the board unreasonably withheld consent, the Supreme Court denied the motion, and denied the cross motion except to the extent that it dismissed the demand for punitive damages.

The defendants demonstrated that Lawrence failed to show that he was financially responsible. Accordingly, the board's withholding of consent had a legitimate relationship to the welfare of the cooperative, and therefore was reasonable (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530 [1990]; *see e.g. Rosenberg v Riverwood Owners*, 304 AD2d 547,

547-548 [2003]). In response, the plaintiffs failed to raise a triable issue of fact to preclude summary judgment (see *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment in its entirety.

The plaintiffs' remaining contention is without merit. Lifson, J.P., Miller, Dillon and Eng, JJ., concur. [*See* 2007 NY Slip Op 33740(U).]