■ ELEANOR LUDWIG et al., Respondents, v 25 PLAZA TENANTS CORP., Appellant.—In an action, inter alia, for a judgment declaring that the Board of Directors of the defendant 25 Plaza Tenants Corp. unreasonably withheld consent to sublet the plaintiff's apartment, and to recover damages, the defendant appeals from so much of an order of the Supreme

Court, Kings County (Hurowitz, J.), dated August 1, 1990, as denied in part its motion for summary judgment and granted in part the plaintiffs' cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, for entry of a judgment declaring that the Board of Directors of the defendant has unreasonably withheld its consent to two applications dated March 22, 1988, and May 23, 1988, respectively, to sublet apartment 6D at premises located at 25 Plaza Street, Brooklyn, and for further proceedings with respect to damages.

The plaintiffs, Gerald and Eleanor Ludwig are stockholders in 25 Plaza Tenants Corp., a cooperative corporation and the defendant herein, and the owners of a proprietary lease of apartment 6D, at 25 Plaza Street, in Brooklyn. On or about February 7, 1989, they commenced this action, *inter alia,* for a judgment declaring that the Board of Directors of the defendant had unreasonably withheld its consent to two applications by the plaintiffs for permission to sublet their apartment. Subsequently, the defendant moved and the plaintiffs cross-moved for summary judgment with respect to the two sublet applications in issue here. The court denied the defendant's motion and granted the plaintiffs' cross motion with respect to the two applications in issue here.

On appeal, the defendant contends that the court erred. We disagree. The proprietary lease, in essence, provided that any subletting of the apartment must be authorized by the Board. It further provided that "[w]ith respect to a subletting * * * for less than 12 months, the Board * * * shall not unreasonably withhold their consent". It is not disputed that the two applications in issue for permission to sublet were for terms of less than 12 months and that these applications were summarily denied by the Board.

Under the circumstances, we find that the Board's actions were inconsistent with the plain and unambiguous terms of the proprietary lease, which prohibited the Board from unreasonably withholding its consent to any sublease of less than 12 months *(see, Bethlehem Steel Co. v Turner Constr. Co.,* 2 NY2d 456; *Nichols v Nichols,* 306 NY 490).

Furthermore, we find unpersuasive the defendant's contention that the propriety of the Board's actions should be determined in accordance with the dictates of the "business judgment rule" *(see, Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530). Where, as in the instant case, the

Board's actions clearly violate the express terms of the proprietary lease, the "business judgment rule" is inapplicable *(see, Fe Bland v Two Trees Mgt. Co., 66 NY2d 556, 563, 565).*

The defendant's remaining contention is without merit. Sullivan, J. P., Harwood, Balletta and Eiber, JJ., concur.