Kristin Booth Glen, J.
(concurring). The proprietary lease in this case contains language requiring that all rules made by the cooperative board be "reasonable”; from this clause appellants argue that the board’s actions should be judged in accordance with the contractually imposed standard of "reasonableness,” rather than under the more lenient business judgment rule adopted by the Court of Appeals in Matter of Levandusky v One Fifth Ave. Apt. Corp. (75 NY2d 530 [1990]).
As the Levandusky decision (supra) itself made clear, the business judgment rule need not preclude review in all cases.[1] In a case decided shortly after Levandusky, the Second Department held that the business judgment rule does not apply *33 to decisions and actions of a co-op board which violate the express terms of a proprietary lease requiring that decisions be made on a reasonable basis (Ludwig v 25 Plaza Tenants Corp., 184 AD2d 623 [2d Dept 1992]). As the Court wrote there: "Where * * * the Board’s actions clearly violate the express terms of the proprietary lease, the 'business judgment rule’ is inapplicable (see, Fe Bland v Two Trees Mgt. Co., 66 NY2d 556, 563, 565 [1985]).” (Supra, at 624-625.)[2]
Were this case presented as a tabula rasa, I would find, pursuant to Ludwig (supra), that the board’s actions here must be judged under a reasonableness standard.[3] However, in a pre-Levandusky case (supra), Allen v Murray House Owners’ Corp. (174 AD2d 400 [1st Dept 1991]), the First Department applied the business judgment rule to a co-op board decision to delay issuance of stock certificates to tenants on the basis of unpaid late charges. The Court there noted in passing that the proprietary lease contained a reasonableness clause, similar to that in the instant case. Accordingly, I believe that we are constrained to apply Levandusky.
However, on review of the appellate record it does not appear that the effect of the reasonableness requirement was briefed or argued by the parties in the Allen case (supra). Thus, this case may present an opportunity for the Appellate Division to more fully consider the applicability or nonapplicability of the business judgment rule in the face of a specific contractual provision requiring that a co-op board act "reasonably” in promulgating those rules by which the tenant shareholders will be bound.
Parness, J. P., and Miller, J., concur; Glen, J., concurs in a separate memorandum.

. As the Court wrote, "For present purposes, we need not, nor should we determine the entire range of the fiduciary obligations of a cooperative board, other than to note that the board owes its duty of loyalty to the cooperative — that is, it must act for the benefit of the residents collectively. So long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith, courts will not substitute their judgments for the board’s. Stated somewhat differently, unless a resident challenging a board’s action is able to establish a breach of this duty, judicial review is not available.” (Supra, at 538.)

. In Ludwig (supra), the proprietary lease provided that the board could not "unreasonably withhold” its consent to a sublease for less than 12 months. Despite the board’s contention that the propriety of its actions should be determined in accordance with the business judgment rule which had recently been announced by the Court of Appeals in Levandusky (supra), the Second Department held that the express requirement of "reasonableness” in the proprietary lease trumped the business judgment rule.

. The difference between review under a reasonableness standard and the applicability of the business judgment rule is significant. As the Levandusky opinion (supra) noted, the former assigns to the board the burden of proof of demonstrating that its actions were reasonable, a burden which it might well not meet in this case.