■ Mark Rosenthal et al., Respondents-Appellants, v One Hudson Park, Inc., Appellant-Respondent. [701 NYS2d 899] —Order, Supreme Court, New York County (Louise Gruner Gans,

J.), entered July 9, 1998, which granted plaintiffs' motion for summary judgment to the extent of dismissing defendant's "business judgment rule" defense but denied the motion insofar as it sought a declaration that certain preconditions for consent set by defendant cooperative corporation were unreasonable as a matter of law, and denied in its entirety defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In view of the language in paragraph 21 (a) of the proprietary lease, plainly indicating that consent to plaintiffs' requests to build additions on the roof areas to which they held exclusive rights could not be unreasonably withheld, the IAS Court properly held that preconditions imposed by defendant cooperative corporation's board upon the grant of plaintiffs' requests had to be reasonable and, accordingly, were not sheltered from review by the business judgment rule (*see, Leonard v Kanner*, 239 AD2d 153, *lv denied* 91 NY2d 805; *Ludwig v 25 Plaza Tenants Corp.*, 184 AD2d 623). The IAS Court thereupon correctly concluded that triable questions exist as to whether the board's preconditions were in fact reasonable, i.e., legitimately related to the welfare of the cooperative (*see, Minoff v Irvington Estates Owners*, 232 AD2d 616, *lv dismissed* 89 NY2d 982).

We also note that plaintiffs recognize that they are liable for actual costs that their construction will impose on defendant's cooperative corporation.

We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Sullivan, J. P., Williams, Rubin, Buckley and Friedman, JJ.