RICHARD SILVER, Respondent, v MURRAY HOUSE OWNERS CORP., Appellant. [4 NYS3d 489]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered December 13, 2013, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Order, same court and Justice, entered February 24, 2014, which, to the extent appealed from, denied defendant's motion to renew its motion for summary judgment, unanimously affirmed, without costs. Order, same court and Justice, entered March 14, 2014, which, to the extent appealed from, granted plaintiff's motion for leave to amend the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Pursuant to the proprietary lease between the parties, defendant's consent to plaintiff's alteration shall not be unreasonably withheld or delayed. Thus, the motion court correctly determined that defendant's actions must be reasonable and, accordingly, are not sheltered from review by the business judgment rule (see Rosenthal v One Hudson Park, 269 AD2d 144, 145 [1st Dept 2000]; Seven Park Ave. Corp. v Green, 277 AD2d 123 [1st Dept 2000], lv dismissed 96 NY2d 853 [2001]). The court also properly found that there are issues of fact as to whether defendant's action "was in fact reasonable, i.e., legitimately related to the welfare of the cooperative" (Seven Park Ave., 277 AD2d at 123 [internal quotation marks omitted]; see Rosenthal, 269 AD2d at 145). Contrary to defendant's claim, the court's denial of defendant's summary judgment motion was not based solely on a new theory of liability that plaintiff had failed to plead in his complaint.

The court correctly rejected defendant's argument that plaintiff had unclean hands (see National Distillers & Chem. Corp. v Seyopp Corp., 17 NY2d 12, 15-16 [1966]). Based on his experience on defendant's board, plaintiff had a good faith belief that merely replacing his previously-approved HVAC units did not constitute an "alteration" within the meaning of paragraph 21 (a) of the proprietary lease.

The court properly denied defendant's motion to renew since

defendant failed to proffer "new facts . . . *that would change the prior determination*" (CPLR 2221 [e] [2] [emphasis added]).

The motion court improvidently exercised its discretion in granting plaintiff's motion because the proposed amendment lacks merit (*see Mosaic Caribe, Ltd. v AllSettled Group, Inc.,* 117 AD3d 421, 422 [1st Dept 2014]). Plaintiff added a cause of action for "selective enforcement" which is defined as "[t]he practice of *law-enforcement officers* who use wide or even unfettered discretion about when and where to carry out certain laws" (Black's Law Dictionary 1564 [10th ed 2014] [emphasis added]), and does not lie against a private actor (*see National Assn. of Sec. Dealers, Inc. v Fiero*, 33 AD3d 547, 548 [1st Dept 2006], *revd on other grounds sub nom. Financial Indus. Regulatory Auth., Inc. v Fiero*, 10 NY3d 12 [2008]). Accordingly, we deny plaintiff's motion for leave to amend. Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Clark, JJ. 