Perrault v Village Dunes Apt. Corp. (2018 NY Slip Op 05878)





Perrault v Village Dunes Apt. Corp.


2018 NY Slip Op 05878


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-03433
 (Index No. 9841/14)

[*1]Philip Perrault, appellant, 
v
Village Dunes Apt. Corp., respondent.


Tarbet & Lester, PLLC, East Hampton, NY (Brian J. Lester of counsel), for appellant.
Tromello, McDonnell & Kehoe, Melville, NY (A.G. Chancellor III, of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a corrected order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated February 22, 2017. The corrected order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that on the Court's own motion, the notice of appeal from an order dated February 16, 2017, is deemed to be a premature notice of appeal from the corrected order dated February 22, 2017 (see CPLR 5520[c]); and it is further,
ORDERED that the corrected order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In 2003, the plaintiff purchased a unit in a cooperative building owned by the defendant, Village Dunes Apt. Corp. In 2013, the plaintiff requested that the defendant's board of directors approve his proposal to, inter alia, raise the height of the ceiling in a portion of his unit by enclosing unfinished common-area space above his unit for his exclusive use, and to replace an existing window in his unit with one of a different type and size. The plaintiff's proprietary lease provided that the defendant could not unreasonably withhold its consent to a proposed alteration "in the unit or building." The board of directors denied the plaintiff's requests. The plaintiff commenced this action, inter alia, to recover damages for breach of contract and for an injunction authorizing the proposed alterations to his unit. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint by corrected order dated February 22, 2017. The plaintiff appeals. We affirm.
"In the context of cooperative dwellings, the business judgment rule provides that a court should defer to a cooperative board's determination [s]o long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith'" (40 W. 67th St. v [*2]Pullman, 100 NY2d 147, 153, quoting Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538). However, where, as here, a proprietary lease provides that a governing board's actions in giving consent to alterations to the "unit or building" are to be reviewed under a reasonableness standard, the board's actions are not protected by the business judgment rule (see Rosenthal v One Hudson Park, 269 AD2d 144, 145; Ludwig v 25 Plaza Tenants Corp., 184 AD2d 623). A board's actions are reasonable where they are "legitimately related to the welfare of the cooperative" (West v 332 E. 84th Owners Corp., 68 AD3d 499, 500). Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that its withholding of consent for the plaintiff's proposed alterations to the ceiling of his unit and the replacement of his window was reasonable (see West v 332 E. 84th Owners Corp., 68 AD3d at 499-500; Fried v 20 Sutton Place S., 2 AD3d 351; see also Seven Park Ave. Corp. v Green, 277 AD2d 123, 123-124). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
The plaintiff's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., SGROI, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court