Parc 56, LLC v Board of Mgrs. of the Parc Vendome Condominium (2023 NY Slip Op 02944)

Parc 56, LLC v Board of Mgrs. of the Parc Vendome Condominium

2023 NY Slip Op 02944

Decided on June 01, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 01, 2023

Before: Moulton, J.P., González, Mendez, Rodriguez, JJ. 

Index No. 653550/21 Appeal No. 371-371A Case No. 2022-02691, 2022-05134 

[*1]Parc 56, LLC, Plaintiff-Respondent-Appellant,
v
Board of Managers of the Parc Vendome Condominium et al., Defendants-Appellants-Respondents. Elizabeth Schrero, Esq., Nonparty-Appellant.

Lewis Brisbois Bisgaard & Smith LLP, New York (Adam T. Hoffman of counsel), for appellants-respondents.
Seyfarth Shaw LLP, New York (Tracee E. Davis of counsel), for appellant.
Haynes and Boone, LLC, New York (Justin R. Bonanno of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Andrew S. Borrok, J.), entered on or about June 9, 2022, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment to the extent of deeming the January 28, 2021 form alteration agreement to have been accepted by defendant Board of Managers of the Parc Vendome Condominium (the board) and found that the board had acted in bad faith, unanimously affirmed, with costs. Order, same court and Justice, entered on or about October 25, 2022, which, to the extent appealed from, granted defendants' motion for leave to reargue plaintiff's motion for partial summary judgment, and upon reargument, searched the record and granted summary judgment in plaintiff's favor, granted plaintiff's cross-motion to strike defendants' answer, denied defendants' motion to strike the complaint or compel discovery, and granted plaintiff's motion to hold defendants in civil contempt, unanimously modified, on the law, to deny plaintiff's motion for contempt, and otherwise affirmed, without costs. Appeal from the part of the aforementioned October 2022 order that denied nonparty Elizabeth Schrero, Esq.'s motion to quash a subpoena, unanimously dismissed, without costs, as moot.
The motion court properly determined that defendant board was bound by the January 28, 2021 alteration agreement signed by plaintiff. Contrary to defendants' contention that a writing signed by both parties is required, the condominium declaration article 18(b), expressly states the opposite— that the board's failure to respond to plaintiff "within the stipulated time shall mean that there is no objection to the proposed modification or alteration." Here, the alteration agreement was provided to plaintiff by the board's managing agent, plaintiff returned the signed agreement and requested that the prior owner's alteration fee be applied under the terms of the assignment of the rights and obligations for the unit, and the board reviewed the proposed alterations for several months before informing plaintiff that a different alteration agreement was required. By that point, however, the board had exceeded the time permitted to object under the declaration, and the alteration agreement was binding (see e.g. Lerner v Newmark & Co. Real Estate, Inc., 178 AD3d 418, 420 [1st Dept 2019]).
Contrary to defendants' contention, the requirement in the easement between plaintiff's predecessor and the board that any alteration agreement must be approved by the board is not violated because the January 28, 2021 alteration agreement was deemed approved under the declaration when defendants failed to object within 30 days. The motion court reasonably took into account that the parties continued to exchange comments on plaintiff's plans and specifications and properly deemed the November 4, 2021 plans and specifications as binding, as the board refused to respond to those documents until July 21, 2022, when its architects asserted for the first time that [*2]the New York City Department of Building (DOB) filings relating to the ministerial change in use set forth in the certificate of occupancy (CO) could not be filed until all of the plans and specifications had been approved, despite the board's approval of this exact same use in 2008. Defendants' bad faith in this regard is further underscored by the board's assertion that it has no obligation under the business judgment rule to agree to a ministerial change to the CO, despite the fact that the settlement agreement prohibits the board from unreasonably withholding its consent to approvals (see e.g. Silver v Murray House Owners Corp., 126 AD3d 655, 655 [1st Dept 2015]).
The motion court also properly determined that the board improperly conflated the requirements relating to the work in plaintiff's predecessor's alteration agreement with plaintiff's proposed amendment to the CO, which the board's experts acknowledge could be accomplished by the board's consent to ministerial "no work" DOB filings, including the PW-1 form sought by plaintiff. The record reflects that this same change to the CO was already approved by the board in 2008 for plaintiff's predecessor. These facts also directly contradict the statement by defendants' counsel obfuscating the board's authority to consent to a change of the CO. That the material change in the alteration agreement sought by the board was a provision requiring plaintiff to cover all costs associated with the change in use, including building-wide upgrades to the grandfathered-in prior nonconforming conditions outside the health club unit, is indicia of the board's bad faith position, as the court warned in its February 24, 2022 order. Thus, the motion court properly determined that the governing documents did not require plaintiff to indemnify the board for its costs, expenses, and attorneys' fees relating to the change in use in the CO, and none of the documents binding the parties required a blanket indemnification of every cost incurred as a result of the CO amendment.
The motion court also properly determined that the board violated the bylaws and the settlement agreement with plaintiff's predecessor by unreasonably withholding and delaying its waiver of the right of first refusal with respect to plaintiff's lease with its prospective tenant. Under article XIII, section 2(C)(ii) of the bylaws, the board had 30 business days to exercise or waive its right of first refusal, or to seek additional information. The board raised numerous cavils to the form of lease presented by plaintiff, which arguably it was permitted to do, although these objections were not based on any good faith interpretation of the declaration, bylaws, or any other agreements. What the board was not permitted to do, however, was to refuse to waive or exercise the right of first refusal well beyond the duration set forth in the bylaws based on its own unreasonable refusal to execute the documents to permit the ministerial change to the [*3]CO that its experts had already approved, and indeed, the board had approved for plaintiff's predecessor in 2008. Thus, the motion court correctly determined that the board's failure to act within the bylaw's timeframe constituted a waiver of its right of first refusal.
The court's finding of bad faith that warranted striking defendants' answer was conclusively established throughout the record (see e.g. CDR CrÉances S.A.S. v Cohen, 23 NY3d 307, 318 [2014]). As the motion court determined as early as February 2022, the board's refusal to consent to a change in the CO to a use that the board had approved in 2008 was unjustified, bad-faith conduct, and was further exacerbated when the board's attorney frivolously asserted that the board could not exercise or waive the right of first refusal until it decided whether or not to approve the change in the CO, which it was refusing to do. In addition to the above frivolous legal positions, the court properly determined that defendants misled the court by evasively denying the existence of plaintiff's predecessor's $10,000 alteration fee, and by insisting that the obligations the board sought to impose on plaintiff were taken from the governing documents, when in fact, defendants took that language directly from a provision in an unadopted eighth amendment to the declaration. That the board violated the express terms of the settlement agreement by refusing to allow plaintiff to install its HVAC unit on the roof is further indicia of bad faith. Thus, the court was warranted in striking defendants' answer, and upon granting defendants' motion for reargument, granting summary judgment to plaintiff (see CPLR 3212[b]).
We modify, however, to deny plaintiff's motion for contempt, as it does not appear that defendants were unequivocally ordered to sign the PW-1 form in the February 2022 rulings or in the June 2022 order. Although the June 2022 order expressly determined that the January 28, 2021 alteration agreement was binding upon the parties, the order contained no "unequivocal mandate" that defendants take any particular action (see e.g. El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]).
Because we find that the award of summary judgment disposing of the action in plaintiff's favor was proper, the appeal by nonparty Schrero seeking to reverse that part of the October 25, 2022 order denying her motion to quash the subpoena ad testificandum served on her is moot, as is defendants' appeal of that part of the order seeking to compel discovery or for sanctions against plaintiff (see e.g. Matter of Verdugo, 202 AD3d 451, 452 [1st Dept 2022]).
We have considered the remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2023