Heykal Props., LLC v 450 W. 31st St. Owners Corp. (2023 NY Slip Op 04926)

Heykal Props., LLC v 450 W. 31st St. Owners Corp.

2023 NY Slip Op 04926

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Oing, J.P., Friedman, Kennedy, Shulman, Pitt-Burke, JJ. 

Index No. 653641/18 Appeal No. 694 Case No. 2022-04476 

[*1]Heykal Properties, LLC, et al., Plaintiffs-Respondents,
v
450 West 31st Street Owners Corp., et al., Defendants-Appellants.

Boyd Richards Parker Colonnelli, P.L., New York (Jacqueline L. Aiello of counsel), for appellants.
Gallet Dreyer & Berkey, LLP, New York (David L. Berkey of counsel), for respondents.

Order, Supreme Court, New York County (Gerald Lebovits, J), entered on or about July 1, 2022, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Plaintiffs, commercial tenants of Unit 2S in a commercial cooperative building, assert causes of action for, inter alia, defendant board's breach of the proprietary lease, and defendant board member Karen Atta's breach of fiduciary duty, in rejecting plaintiffs' proposals to install HVAC on an outdoor space adjacent to their leased unit.
The proprietary lease provides that, to make alterations to a unit, a lessee must first obtain the written consent of the lessor, "which consent shall not be unreasonably withheld." Where a "reasonableness" standard is imposed, the actions of the board and its members must be "legitimately related to the welfare of the cooperative" (Rosenthal v One Hudson Park , 269 AD2d 144, 145 [1st Dept 2000]). Defendant board contends that plaintiffs' alteration plans were reasonably rejected because plaintiffs sought to use a common element of the building for their own exclusive use, and there were concerns about whether the space was structurally sound for the proposed alterations.
The building's governing documents (i.e. the offering plan and proprietary lease) are ambiguous as to whether Unit 2S has exclusive use of the adjacent outdoor space. The offering plan as amended only designates the 12th floor penthouse as having additional outdoor space, although defendants concede that other units in the building have exclusive outdoor space. However, Paragraph 1 of the proprietary lease provides that the term "unit" includes terraces and balconies allocated exclusively to the occupant of the unit. Paragraph 7 of the lease provides that if a terrace or balcony is included, the tenant shall have exclusive use of it, referring to terraces and balconies in the plural.
Where a contract is ambiguous, extrinsic evidence may be considered to determine the parties' intent (see Unisys Corp. v Hercules Inc. , 224 AD2d 365, 367 [1st Dept 1996]). Here, extrinsic evidence supports plaintiffs' contention that they have a right of use of the adjacent outdoor space. The only access is through double doors in Unit 2S, which also supplies the electrical and fire alarm connections to the outdoor space. Moreover, a prior tenant litigated the same issue in 1999 and obtained a preliminary injunction based, in part, on the sponsor's affidavit that the outdoor space adjacent to Unit 2S was for its exclusive use.
Thus, triable issues of fact preclude defendants' motion for summary judgment on its claim that defendants' alteration plans for the outdoor space were reasonably rejected on the basis that the space was a common element and not available for a single shareholder's use. Similarly, plaintiffs have raised an issue of fact as to whether defendants' actions were legitimately related [*2]to the welfare of the cooperative by submitting photographs revealing exclusive use by another unit of its adjacent outdoor space to install air conditioning. Although defendants cite an engineer's structural report from the prior litigation, they submit no structural evidence with respect to plaintiffs' alteration plans.
Finally, plaintiffs raise a triable issue of fact as to whether defendant Karen Atta, as a member of the board, improperly exerted her influence for personal gain, in breach of her fiduciary duty (see Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp. , 296 AD2d 103, 109-110 [1st Dept 2002]). Although Atta contends that she properly recused herself from the initial vote on plaintiffs' alteration plan and disclosed her personal interest in the matter since her unit would be directly affected, correspondence among the board members and the board meeting minutes indicate her continuous presence at discussions regarding the HVAC proposals and her vocal opposition to plaintiffs' use of the space. The record also reveals that the board tried to condition approval of plaintiffs' alteration plans on their relinquishment of any right of use to their adjacent outdoor space.
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023