Wong v Board of Mgrs. of the 45 W. 67th St. Condominium (2023 NY Slip Op 06211)

Wong v Board of Mgrs. of the 45 W. 67th St. Condominium

2023 NY Slip Op 06211

Decided on November 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 30, 2023

Before: Kapnick, J.P., Webber, Singh, Moulton, Scarpulla, JJ. 

Index No. 150165/20 Appeal No. 1122 Case No. 2023-00222 

[*1]Andy Y. Wong et al., Plaintiffs-Appellants,
v
The Board of Managers of the 45 West 67th Street Condominium, Defendant-Respondent.

Kagan Lubic Lepper Finkelstein & Gold, LLP, New York (Jonathan J. Fink of counsel), for appellants.
Abrams Garfinkel Margolis Bergson, LLP, New York (Andrew W. Gefell of counsel), for respondent.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about December 15, 2022, which denied plaintiffs' motion for summary judgment and, upon searching the record, granted summary judgment to defendant Board of Managers of the 45 West 67th Street Condominium dismissing the complaint, unanimously modified, on the law, to deny summary judgment to the Board on the issue of the reasonableness of the hallway takeover fees, to reinstate the complaint, and to remand for a determination of the hallway takeover fees, and otherwise affirmed, without costs.
Plaintiffs wished to enclose the section of hallway between their two apartments, without paying the fees required by a "hallway takeover" rule adopted by the Board. Section 5.8 (B) (i) of the bylaws permitted unit owners to enclose the hallway between their units "with the consent of the Residential Condominium Committee (which consent shall not be unreasonably withheld or delayed)." Section 5.8 (B) (ii) authorized unit owners to raze or incorporate certain spaces "which service or enclose only [the unit owner's] Residential Unit and do not affect access to any other Unit." The declaration and bylaws also empowered the Board to administer the condominium's affairs, to operate and maintain the "common elements" (including hallways), to adopt and amend rules, to oversee and decide whether to approve unit alterations, to adopt the rules necessary to carry out the purposes of the condominium, and to manage the condominium's finances.
Condominium boards are "responsible for running the day-to-day affairs of the [condominium] and to that end, often have broad powers in the areas that range from financial decision making to promulgating regulations" (Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 536 [1990]). Where a board's disputed decision is based on a governing document which provides that consent shall not be unreasonably withheld, the heightened standard of reasonableness is to be applied in lieu of the usual business judgment rule (Matter of Kotler v 979 Corp., 191 AD3d 473, 474 [1st Dept 2021]). This standard of reasonableness hinges on whether the board's decision is "legitimately related to the welfare of the [condominium]" (see e.g. Silver v Murray House Owners Corp., 126 AD3d 655, 655 [1st Dept 2015] [citation omitted]).
Here, it was within the Board's broad authority to adopt the hallway takeover rule and to impose fees as a precondition to permitting a unit owner to effectuate a hallway takeover. Section 5.8 (B) (i) of the bylaws is not to the contrary: it specifically permits the Board to withhold consent so long as the Board does so reasonably, i.e., in a manner legitimately related to the welfare of the condominium (see Fried v 20 Sutton Place S., 2 AD3d 351, 352 [1st Dept 2003] [condominium's board placing reasonable conditions on consent was not unreasonably withholding consent]; Perrault v Village Dunes Apt. Corp., 164 AD3d 847, 848 [2d Dept 2018] [*2]["the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that its withholding of consent . . . was reasonable"]). Section 5.8 (B) (ii) is not applicable to hallways that service and affect access to more than one unit. It was therefore within the Board's authority to adopt the hallway takeover rule requiring reasonable consideration from unit owners in exchange for granting exclusive use of the hallway area in perpetuity. It was also within the Board's authority to decline consent to a hallway takeover when plaintiffs failed to comply with this rule. Thus, the court properly denied plaintiffs' motion for summary judgment.
However, the court improperly searched the record to grant summary judgment to defendant insofar as it found the amount of the fees was reasonable. While the court properly found that the Board had the authority to condition its consent on the payment of fees, there remain factual issues surrounding the amount of those fees and the appropriate methodology to be employed in calculating those fees, which is a fact-intensive issue.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2023