| Gilbert v Winston |
|:---:|
| 2024 NY Slip Op 31221(U) |
| April 9, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650374/2023 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

--------------------------------------------------------------------------------X

STEPHEN GILBERT, DINO MARCANTONIO, LIANA MOUNT, NEIL RIFKIND,

Plaintiff,

- v -

BRADFORD WINSTON, KARYN BECK, CURT GOLDMAN, ROBERT I. GOLDY, BARBARA HAYES, RICHARD HUNNINGS, RICHARD LEIBNER, ANITA MCDONAGH, SIGRID STROPNIK, PARC VENDOME CONDOMINIUM,

Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650374/2023 |
| **MOTION DATE** | 01/12/2024 |
| **MOTION SEQ. NO.** | 007 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 007) 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 151, 152, 153, 154

were read on this motion to/for _____APPOINT - FIDUCIARY_____.

Upon the foregoing documents, the Plaintiffs' motion to have an order issued pursuant to CPLR 1015 and 1021 substituting Sandra Powers, Bradford Winston's surviving spouse, as substitute for Bradford Winston, deceased, is granted.  Ms. Powers has had notice and an opportunity to be heard (NYSCEF Doc. Nos. 146, 148), has not filed an affidavit in opposition to the motion and the Plaintiffs would suffer further delay and prejudice if substitution is not made at this time so that their motion for summary judgment can be properly heard by this Court and so that the Defendants do not attempt to pass along damages they allegedly caused in the Underlying Lawsuit (hereinafter defined) to the unit owners Plaintiffs.  The Defendants on the other hand would suffer no prejudice.

**650374/2023   GILBERT, STEPHEN ET AL vs. WINSTON, BRADFORD ET AL**
**Motion No.  007**

Page 1 of 7

1 of 7

Reference is made to an underlying lawsuit (the **Underlying Lawsuit**) captioned *Parc 56 LLC v. Board of Managers of Park Vendome Condominium*, 217 AD3d 416, 419 [1st Dept 2023]) where the Board (*i.e.*, the Defendants in this action) violated the condominium bylaws and declaration and were found to have acted in bad faith and to have perpetrated a fraud on the Court in asserting that certain condominium "governing documents" required the plaintiff in the Underlying Lawsuit to agree to certain terms and conditions when the Board knew that the condominium governing documents did no such thing because a Proposed Eighth Amendment to the governing documents imposing such requirements was proposed to the unit owners and not adopted by them when it was presented to them (*Parc 56, LLC v Bd. of Managers of Parc Vendome Condominium*, 217 AD3d 416, 419 [1st Dept 2023]).

The unit owner Plaintiffs in this case brought this lawsuit seeking to hold the Board members responsible for their alleged breach of fiduciary duties based on the conduct reviewed by the Appellate Division and this Court in the Underlying Lawsuit and to avoid imposition by the Board members of the damages in the Underlying Lawsuit from being imposed upon them which damages are occasioned by actions of the Board.

On November 10, 2023, the Plaintiffs in this lawsuit brought a motion for summary judgment. This Court twice granted extensions to the briefing schedule on the Plaintiffs' summary judgment motion (NYSCEF Doc. Nos. 115, 117). Pursuant to the second extension, Defendant's opposition was due on December 22, 2023 (NYSCEF Doc. No. 117). The Plaintiffs reply was due on January 16, 2024 (*id.*). In the interim, on December 6, 2023 (NYSCEF Doc. Nos. 149,

**650374/2023   GILBERT, STEPHEN ET AL vs. WINSTON, BRADFORD ET AL**
**Motion No.  007**

**Page 2 of 7**

2 of 7

150) Mr. Winston passed away and this case was stayed by operation of law until a proper substitution is made (*Schnapp v Miller's Launch, Inc.*, 135 AD3d 655, 656 [1st Dept 2016]).

Thus, six months have now elapsed since the Plaintiffs first filed their motion for summary judgment and approximately five months have now elapsed since Mr. Winston's passing. The record before the Court is bereft of any attempt for a proper substitution by the Estate of Mr. Winston in this case.[1] Thus, the Plaintiffs have now moved pursuant to CPLR 1015(a) and 1021 for an Order appointing Mr. Winston's widow, Ms. Powers, as a proper substitution for Mr. Winston, and to lift the stay. As discussed above, Ms. Powers (who was served) does not submit any papers opposing her substitution and counsel to the Defendants informed the Court that Ms. Powers was appointed in December of last year (approximately five months ago) as Mr. Winston's representative in Florida.

---

[1] The Court notes for completeness that the Court was informed by email dated January 25, 2024 by counsel (NYSCEF Doc. No. 153) to the Defendants (and not Mr. Winston's estate or Ms. Powers) that Ms. Powers, Mr. Winston's widow, had been appointed in Florida as the personal representative of Mr. Winston:

> We represent Defendants Karyn Beck, Robert Goldy, Barbara Hayes, Richard Hunnings, Richard Leibner, Anita McDonagh, Sigrid Stropnik and Parc Vendome Condominium in the above-referenced matter. Counsel for Plaintiffs, and counsel for Defendant Curt Goldman, are copied here.
>
> We write with reference to the Court's Order dated January 17, 2024 (Dkt. No. 149), and further to our letter dated January 19, 2024 (Dkt. No. 150), wherein we informed the Court that a domiciliary probate proceeding was being commenced in Florida, the state where Mr. Winston was domiciled at the time of his death.
>
> We have been informed that Mr. Winston's wife has been issued Letters of Administration under the laws of the state of Florida and has been appointed to act as the personal representative of Mr. Winston's estate and its property in Florida. We have also been informed that an ancillary probate proceeding is currently being commenced in the state of New York, as required, wherein Mr. Winston's wife will seek Letters of Administration appointing her under the laws of the state of New York as the personal representative of the estate and its property in New York

(NYSCEF Doc. No. 153). To date, neither Ms. Powers nor any attorney purporting to represent Ms. Powers has provided this Court with a copy of any such Court papers.

**650374/2023   GILBERT, STEPHEN ET AL vs. WINSTON, BRADFORD ET AL**
**Motion No.  007**

Page 3 of 7

If a party dies and the claim against that party "is not thereby extinguished the court shall order substitution of the proper parties" (CPLR 1015[a]). A motion seeking substitution "may be made by the successors or representatives of a party *or by any party*" (CPLR 1021 [emphasis added]). The Supreme Court is a court of general jurisdiction with the power to appoint a temporary administrator to avoid delay or prejudice (*Dieye v Royal Blue Services, Inc.*, 104 AD3d 724, 726 [2d Dept 2013]). "The determination of whether to exercise its authority to appoint a temporary administrator is committed to the sound discretion of the Supreme Court" (*Lambert v Estren*, 126 AD3d 942, 943 [2d Dept 2015], citing *Rosenfeld v Hotel Corp. of Am.*, 20 NY2d 25, 28 [1967]).

In support of their motion, the Plaintiffs argue that the Court should exercise its discretion to appoint Ms. Powers as substitute for Mr. Winston because they would be substantially prejudiced by further delay in having the Court consider their summary judgment motion because, among other things, the Defendants have indicated that they intend to pass along the costs from the damages that their conduct caused in the Underlying Action. As discussed above, neither Ms. Powers (who was served) nor anyone purporting to represent Ms. Powers filed papers opposing the motion. Only the Defendants did. As such, the Plaintiffs assert that the Court should grant the motion as unopposed.

Review of the Defendants' opposition papers makes clear three things. First, the Defendants do not credibly contend that Ms. Powers is an inappropriate substitute for Mr. Winston. Second,

**650374/2023   GILBERT, STEPHEN ET AL vs. WINSTON, BRADFORD ET AL**                    **Page 4 of 7**
**Motion No.  007**

4 of 7

there simply is no good reason why the Court should not exercise its discretion in granting the motion. Third, the Defendants are not prejudiced by the appointment.

As such, the motion is granted and Ms. Powers is hereby appointed to serve as Mr. Winston's personal representative for the purpose of defending and disposing of this action on behalf of Bradford Winston, and the stay previously imposed by operation of law is lifted.

Inasmuch as the parties had agreed by stipulation (NYSCEF Doc. No. 135) that the Defendants would have 30 days to file opposition papers to the pending motion for summary judgment (Mtn. Seq. No. 003) following the appointment of a substitute for Mr. Winston, the Defendants shall file any opposition papers no later than May 9, 2024. Reply papers of the Plaintiffs shall be filed no later than May 23, 2024.

Accordingly, it is hereby

ORDERED that the Plaintiffs' motion is granted and Ms. Sandra Powers is appointed to serve as the temporary administrator of the estate of Bradford Winston, deceased, for the limited and sole purpose of defending and disposing of this action on behalf of Bradford Winston; and it is further

ORDERED that the stay is lifted; and it is further

ORDERED that the caption is amended to read as:

STEPHEN GILBERT, DINO MARCANTONIO, LIANA MOUNT, NEIL RIFKIND,

**650374/2023 GILBERT, STEPHEN ET AL vs. WINSTON, BRADFORD ET AL**
**Motion No. 007**

Page 5 of 7

Plaintiff,

- v -

SANDRA POWERS, as the Temporary Administrator of the
Estate of BRADFORD WINSTON, KARYN BECK, CURT
GOLDMAN, ROBERT I. GOLDY, BARBARA HAYES,
RICHARD HUNNINGS, RICHARD LEIBNER, ANITA
MCDONAGH, SIGRID STROPNIK, PARC VENDOME
CONDOMINIUM,

Defendant.

; and it is further

ORDERED that the Defendants shall file opposition papers to the Plaintiffs' summary judgment

motion by May 9, 2024; and it is further

ORDERED that the Plaintiffs shall file reply papers in further support of their summary

judgment motion by May 23, 2024; and it is further

ORDERED that the conference scheduled for April 11 at 2:30 pm is adjourned until May 30,

2024, at 2:00pm.

ORDERED that the parties shall email Part 53 (sfc-part53@nycourts.gov) when the summary

judgment motion is fully submitted.

20240409170030AB0RR0KA3235A870DB21F1B8D0839E4C278F500

__4/9/2024__
__DATE__

__ANDREW BORROK, J.S.C.__

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION ___

650374/2023   GILBERT, STEPHEN ET AL vs. WINSTON, BRADFORD ET AL                Page 6 of 7
Motion No.  007

[* 6]                                                     6 of 7