| **Gilbert v Winston** |
| 2024 NY Slip Op 33234(U) |
| September 16, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650374/2023 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

---------------------------------------------------------------------------------X

STEPHEN GILBERT, DINO MARCANTONIO, LIANA MOUNT, NEIL RIFKIND,

|  |  |
|---|---|
| **INDEX NO.** | 650374/2023 |
| **MOTION DATE** | 11/16/2023, 12/08/2023, 06/26/2024 |
| **MOTION SEQ. NO.** | 004 005 008 |

Plaintiff,

- v -

BRADFORD WINSTON, KARYN BECK, CURT GOLDMAN, ROBERT I. GOLDY, BARBARA HAYES, RICHARD HUNNINGS, RICHARD LEIBNER, ANITA MCDONAGH, SIGRID STROPNIK, PARC VENDOME CONDOMINIUM,

**DECISION + ORDER ON MOTION**

Defendant.

---------------------------------------------------------------------------------X

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 004) 107, 108, 109, 110, 111, 113, 115, 127, 128, 129, 130, 131, 136

were read on this motion to/for                    QUASH SUBPOENA, FIX CONDITIONS                    .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 120, 121, 122, 123, 124

were read on this motion to/for                    DISCONTINUE                    .

The following e-filed documents, listed by NYSCEF document number (Motion 008) 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169

were read on this motion to/for                    APPOINT - FIDUCIARY                    .

Upon the foregoing documents, (i) the plaintiffs' motion (Mtn. Seq. No. 008) for an order

pursuant to CPLR 1015 and 1021 to substitute Richard Leibner's widow (Carole Cooper

[professional name]) as substitute for Richard Leibner, deceased, (ii) the motion to quash (Mtn.

Seq. No. 004) the subpoenas of non-party Michael Davis and his entity, Parc 56, LLC (**Parc 56**),

and (iii) the motion to voluntarily discontinue the claims of plaintiff Dino Marcantonio (Mtn.

Seq. No. 005) are GRANTED.

**650374/2023   GILBERT, STEPHEN ET AL vs. WINSTON, BRADFORD ET AL**
  **Motion No.  004 005 008**

**Page 1 of 10**

[* 1]

### I. The Plaintiffs' Motion to Appoint Richard Leiber's widow as Substitute for Richard Leibner (Deceased) is Granted (Mtn. Seq. No. 008)

If a party dies and the claim against that party "is not thereby extinguished the court shall order substitution of the proper parties" (CPLR 1015[a]).  A motion seeking substitution "may be made by the successors or representatives of a party *or by any party*" (CPLR 1021 [emphasis added]).  The Supreme Court is a court of general jurisdiction with the power to appoint a temporary administrator to avoid delay or prejudice (*Dieye v Royal Blue Services, Inc.*, 104 AD3d 724, 726 [2d Dept 2013]).  "The determination of whether to exercise its authority to appoint a temporary administrator is committed to the sound discretion of the Supreme Court" (*Lambert v Estren*, 126 AD3d 942, 943 [2d Dept 2015], citing *Rosenfeld v Hotel Corp. of Am.*, 20 NY2d 25, 28 [1967]).

Reference is made to a (i) prior Decision and Order of this Court dated April 9, 2024 (the **Prior Decision**; NYSCEF Doc. No. 155), and (ii) an underlying lawsuit (the **Underlying Lawsuit**) captioned *Parc 56 LLC v. Board of Managers of Park Vendome Condominium*, 217 AD3d 416, 419 [1st Dept 2023]) where the Court held, among other things, that the Board violated the condominium by-laws and declaration, acted in bad faith and perpetrated a fraud on the Court in asserting that certain condominium "governing documents" required the plaintiff in the Underlying Lawsuit to agree to certain terms and conditions when the Board knew that the condominium governing documents did no such thing, because a proposed Eighth Amendment to the governing documents imposing such requirements that was proposed to the unit owners was not adopted by them (*Parc 56, LLC v Bd. of Managers of Parc Vendome Condominium*, 217 AD3d 416, 419 [1st Dept 2023]):

**650374/2023   GILBERT, STEPHEN ET AL vs. WINSTON, BRADFORD ET AL**
**Motion No.  004 005 008**

**Page 2 of 10**

Order, Supreme Court, New York County (Andrew S. Borrok, J.), entered on or about June 9, 2022, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment to the extent of deeming the January 28, 2021 form alteration agreement to have been accepted by defendant Board of Managers of the Parc Vendome Condominium (the board) and found that the board had acted in bad faith, unanimously affirmed, with costs. Order, same court and Justice, entered on or about October 25, 2022, which, to the extent appealed from, granted defendants' motion for leave to reargue plaintiff's motion for partial summary judgment, and upon reargument, searched the record and granted summary judgment in plaintiff's favor, granted plaintiff's cross-motion to strike defendants' answer, denied defendants' motion to strike the complaint or compel discovery, and granted plaintiff's motion to hold defendants in civil contempt, unanimously modified, on the law, to deny plaintiff's motion for contempt, and otherwise affirmed, without costs. Appeal from the part of the aforementioned October 2022 order that denied nonparty Elizabeth Schrero, Esq.'s motion to quash a subpoena, unanimously dismissed, without costs, as moot.

The motion court properly determined that defendant board was bound by the January 28, 2021 alteration agreement signed by plaintiff. Contrary to defendants' contention that a writing signed by both parties is required, the condominium declaration article 18 (b), expressly states the opposite—that the board's failure to respond to plaintiff "within the stipulated time shall mean that there is no objection to the proposed modification or alteration." Here, the alteration agreement was provided to plaintiff by the board's managing agent, plaintiff returned the signed agreement and requested that the prior owner's alteration fee be applied under the terms of the assignment of the rights and obligations for the unit, and the board reviewed the proposed alterations for several months before informing plaintiff that a different alteration agreement was required. By that point, however, the board had exceeded the time permitted to object under the declaration, and the alteration agreement was binding (*see e.g. Lerner v Newmark & Co. Real Estate, Inc.*, 178 AD3d 418, 420 [1st Dept 2019]).

Contrary to defendants' contention, the requirement in the easement between plaintiff's predecessor and the board that any alteration agreement must be approved by the board is not violated because the January 28, 2021 alteration agreement was deemed approved under the declaration when defendants failed to object within 30 days. The motion court reasonably took into account that the parties continued to exchange comments on plaintiff's plans and specifications and properly deemed the November 4, 2021 plans and specifications as binding, as the board refused to respond to those documents until July 21, 2022, when its architects asserted for the first time that the New York City Department of Building (DOB) filings relating to the ministerial change in use set forth in the certificate of occupancy (CO) could not be filed until all of the plans and specifications had been approved, despite the board's approval of this exact same use in 2008. Defendants' bad faith in this regard is further underscored by the board's assertion that it has no obligation under the business judgment rule to agree to a ministerial change to the CO, despite the fact that the settlement agreement prohibits the board from unreasonably withholding its consent to approvals (*see e.g. Silver v Murray House Owners Corp.*, 126 AD3d 655, 655 [1st Dept 2015]).

650374/2023   GILBERT, STEPHEN ET AL vs. WINSTON, BRADFORD ET AL                    Page 3 of 10
Motion No.  004 005 008

3 of 10

The motion court also properly determined that the board improperly conflated the requirements relating to the work in plaintiff's predecessor's alteration agreement with plaintiff's proposed amendment to the CO, which the board's experts acknowledge could be accomplished by the board's consent to ministerial "no work" DOB filings, including the PW-1 form sought by plaintiff. The record reflects that this same change to the CO was already approved by the board in 2008 for plaintiff's predecessor. These facts also directly contradict the statement by defendants' counsel obfuscating the board's authority to consent to a change of the CO. That the material change in the alteration agreement sought by the board was a provision requiring plaintiff to cover all costs associated with the change in use, including building-wide upgrades to the grandfathered-in prior nonconforming conditions outside the health club unit, is indicia of the board's bad-faith position, as the court warned in its February 24, 2022 order. Thus, the motion court properly determined that the governing documents did not require plaintiff to indemnify the board for its costs, expenses, and attorneys' fees relating to the change in use in the CO, and none of the documents binding the parties required a blanket indemnification of every cost incurred as a result of the CO amendment.

The motion court also properly determined that the board violated the bylaws and the settlement agreement with plaintiff's predecessor by unreasonably withholding and delaying its waiver of the right of first refusal with respect to plaintiff's lease with its prospective tenant. Under article XIII, section 2 (C) (ii) of the bylaws, the board had 30 business days to exercise or waive its right of first refusal, or to seek additional information. The board raised numerous cavils to the form of lease presented by plaintiff, which arguably it was permitted to do, although these objections were not based on any good-faith interpretation of the declaration, bylaws, or any other agreements. What the board was not permitted to do, however, was to refuse to waive or exercise the right of first refusal well beyond the duration set forth in the bylaws based on its own unreasonable refusal to execute the documents to permit the ministerial change to the CO that its experts had already approved, and indeed, the board had approved for plaintiff's predecessor in 2008. Thus, the motion court correctly determined that the board's failure to act within the bylaw's timeframe constituted a waiver of its right of first refusal.

The court's finding of bad faith that warranted striking defendants' answer was conclusively established throughout the record (*see e.g. CDR Créances S.A.S. v Cohen*, 23 NY3d 307, 318 [2014]). As the motion court determined as early as February 2022, the board's refusal to consent to a change in the CO to a use that the board had approved in 2008 was unjustified, bad-faith conduct, and was further exacerbated when the board's attorney frivolously asserted that the board could not exercise or waive the right of first refusal until it decided whether or not to approve the change in the CO, which it was refusing to do. In addition to the above frivolous legal positions, the court properly determined that defendants misled the court by evasively denying the existence of plaintiff's predecessor's $10,000 alteration fee, and by insisting that the obligations the board sought to impose on plaintiff were taken from the governing documents, when in fact, defendants took that language directly from a provision in an unadopted eighth amendment to the declaration. That the board violated the express terms of the settlement

650374/2023   GILBERT, STEPHEN ET AL vs. WINSTON, BRADFORD ET AL
Motion No.  004 005 008

Page 4 of 10

[* 4]

agreement by refusing to allow plaintiff to install its HVAC unit on the roof is further indicia of bad faith. Thus, the court was warranted in striking defendants' answer, and upon granting defendants' motion for reargument, granting summary judgment to plaintiff (*see* CPLR 3212 [b]).

We modify, however, to deny plaintiff's motion for contempt, as it does not appear that defendants were unequivocally ordered to sign the PW-1 form in the February 2022 rulings or in the June 2022 order. Although the June 2022 order expressly determined that the January 28, 2021 alteration agreement was binding upon the parties, the order contained no "unequivocal mandate" that defendants take any particular action (*see e.g. El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015]).

Because we find that the award of summary judgment disposing of the action in plaintiff's favor was proper, the appeal by nonparty Schrero seeking to reverse that part of the October 25, 2022 order denying her motion to quash the subpoena ad testificandum served on her is moot, as is defendants' appeal of that part of the order seeking to compel discovery or for sanctions against plaintiff (*see e.g. Matter of Verdugo*, 202 AD3d 451, 452 [1st Dept 2022]).

(*Parc 56, LLC v Bd. of Managers of Parc Vendome Condominium*, 217 AD3d 416, 419 [1st Dept 2023]).

To be clear, and as discussed previously, the Board in that lawsuit harassed Michael Davis and Park 56 for additional information taking the position that they could not and were not obligated to exercise or waive the right of first refusal without any such additional information. The Court rejected the position for what it was – under the circumstances discussed above and in that case -- further indicia of bad faith. As discussed above, the Appellate Division affirmed.

In the Prior Decision, the Court (i) granted the plaintiffs' prior motion to appoint a substitute for the late Bradford Winston because the undue delay in appointing a substitute prejudiced the plaintiffs by allowing the board member defendants to impose damages in the Underlying Lawsuit on them, and (ii) set a briefing schedule for the plaintiffs' pending motion for summary judgment (Mtn. Seq. No. 003) pursuant to the parties' agreement in a so-ordered stipulation

**650374/2023 GILBERT, STEPHEN ET AL vs. WINSTON, BRADFORD ET AL**
**Motion No. 004 005 008**

**Page 5 of 10**

5 of 10

(NYSCEF Doc. No. 135) that the defendants would have 30 days to file opposition following the lift of the stay in this action. In a conference with the parties held April 10, 2024, counsel to defendants informed the Court that Mr. Leibner had passed away, thus the case was stayed once again. The plaintiffs subsequently brought this motion.

The rationale underpinning the Prior Decision continues to apply, warranting grant of the instant motion. Mr. Liebner's widow identifies no prejudice in her opposition papers caused by her appointment and further delay in having the instant case moves forward substantially prejudices the plaintiffs in subjecting them to the misappropriation of any damages caused by the Board's bad faith conduct, numerous breaches of the bylaws and condominium declaration and fraud on the Court. As such, the motion is granted.

Inasmuch as the parties had agreed by stipulation (NYSCEF Doc. No. 135) that the defendants would have 30 days to file opposition papers to the pending motion for summary judgment (Mtn. Seq. No. 003) following the lift of the stay in this action (which is now lifted), the defendants shall file any opposition papers no later than October 16, 2024. Reply papers of the plaintiffs shall be filed no later than October 30, 2024. The parties shall notify Part 53 by email when the motion is fully submitted.

## II. *Parc 56 and Michael Davis' Motion to Quash the Subpoenas (Hereinafter Defined) is Granted (Mtn. Seq. No. 004)*

A motion to quash should be granted where "the futility of the process to uncover anything legitimate is inevitable or obvious … or where the information sought is utterly irrelevant to any proper inquiry" (*Matter of Kapon v Koch*, 23 NY3d 32, 38 [2014]).

**650374/2023   GILBERT, STEPHEN ET AL vs. WINSTON, BRADFORD ET AL**
**Motion No.  004 005 008**

**Page 6 of 10**

6 of 10

As discussed above, in the Underlying Lawsuit, it was already determined that the Board acted in bad faith and breached a number of its obligations including the bylaws and the condominium declaration and otherwise perpetrated a fraud on this Court (*Parc 56, LLC v Bd. of Managers of Parc Vendome Condominium*, 217 AD3d 416 [1st Dept 2023]; *Parc 56 LLC v Bd. of Managers of Parc Vendome Condominium*, 76 Misc 3d 1225(A) [Sup Ct 2022]). Those findings apply to each of the individuals on the Board – the defendants in this case. To wit, no showing was made in the Underlying Lawsuit that any board member in any way complied with their governing documents and their obligations or that the board members did not actively participate in the conduct which forms the predicate for Mr. Davis's legal expenses which expenses form part of the basis for the damages in this case. This issue is settled.

The defendants in this action have nevertheless served two subpoenas duces tecum (the **Subpoenas**; NYSCEF Doc. Nos. 129-130) on non-parties Parc 56 and Mr. Davis "seeking documents and communications concerning the conduct and actions of the" defendants in this action (NYSCEF Doc. No. 127, at 2). The discovery sought from the already overly-harassed unit owner (Mr. Davis) is not relevant at this late stage **because what matters is what information the members of the Board actually had when they acted**. This goes to the defendant board member's state of mind and course of conduct which has already been determined to have been in breach. Nothing in the possession of Mr. Davis or Parc 56 that the defendants do not already have could be material and necessary to the prosecution of their defense in this case.

**650374/2023   GILBERT, STEPHEN ET AL vs. WINSTON, BRADFORD ET AL**
 **Motion No.  004 005 008**

**Page 7 of 10**

[* 7]

7 of 10

Individual board members do not get to relitigate this previously decided issue as to their action as members of the Board. Put another way, the attempt to distance themselves individually from their actions in which they all participated and approved by seeking information in the possession of the already overly harassed and damaged party is frivolous and fails as "utterly irrelevant" (*Matter of Kapon*, 23 NY3d 32). The motion to quash is thus granted.

Although a very close call, in the exercise of its discretion, the Court declines to impose additional sanctions as against the individual Board members.

### III. *The Plaintiffs' Motion to Discontinue the Claims of Dino Marcantonio is Granted as Unopposed*

Mr. Marcantonio has moved pursuant to CPLR 3217 to voluntarily discontinue his claims without prejudice. The defendants do not oppose. Thus, the motion is granted.

The Court has considered the parties' remaining arguments and found them unavailing.

Accordingly, it is hereby

ORDERED that the plaintiffs' motion (Mtn. Seq. No. 008) is granted and Ms. Carole Cooper is appointed to serve as the temporary administrator of the estate of Richard Leibner, deceased, for the limited and sole purpose of defending and disposing of this action on behalf of Richard Leibner; and it is further

ORDERED that the stay is lifted; and it is further

**650374/2023   GILBERT, STEPHEN ET AL vs. WINSTON, BRADFORD ET AL**
**Motion No.  004 005 008**

**Page 8 of 10**

8 of 10

ORDERED that the caption is amended to read as:

STEPHEN GILBERT, DINO MARCANTONIO, LIANA
MOUNT, NEIL RIFKIND,

Plaintiff,

- v -

SANDRA POWERS, as the Temporary Administrator of the
Estate of BRADFORD WINSTON, KARYN BECK, CURT
GOLDMAN, ROBERT I. GOLDY, BARBARA HAYES,
RICHARD HUNNINGS, CAROLE COOPER, as the
Temporary Administrator of the Estate of RICHARD
LEIBNER, ANITA MCDONAGH, SIGRID STROPNIK,
PARC VENDOME CONDOMINIUM,

Defendant.

; and it is further

ORDERED that the Defendants shall file opposition papers to the Plaintiffs' summary judgment

motion by October 16, 2024; and it is further

ORDERED that the Plaintiffs shall file reply papers in further support of their summary

judgment motion by October 30, 2024; and it is further

ORDERED that the parties shall email Part 53 (sfc-part53@nycourts.gov) when the summary

judgment motion is fully submitted; and it is further

ORDERED that the motion of non-parties Parc 56 and Mr. Davis to quash the Subpoenas (Mtn.

Seq. No. 004) is granted; and it is further

**650374/2023   GILBERT, STEPHEN ET AL vs. WINSTON, BRADFORD ET AL**
**Motion No.  004 005 008**

**Page 9 of 10**

[* 9]

ORDERED that the motion to discontinue the claims of Mr. Marcantonio (Mtn.. Seq. No. 005) is granted.

20240916162510AD0RROK45D864DD9B274A87A415A4A22FB72B33

| 9/16/2024 | | | | | |
|-----------|--|--|--|--|--|
| **DATE** | | | | **ANDREW BORROK, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|---|----------------------|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

650374/2023   GILBERT, STEPHEN ET AL vs. WINSTON, BRADFORD ET AL
Motion No.  004 005 008

Page 10 of 10