■ Doris Garcia, Individually and as Mother and Natural Guardian of Chaztity M. Rijos, Respondent, v Gesher Realty Corp. et al., Appellants and Third-Party Plaintiffs-Appellants. 2254 CRO Realty, Inc., et al., Third-Party Defendants-Respondents. [721 NYS2d 343] —Order, Supreme Court, Bronx County (Joseph Giamboi, J.), entered on or about April 7, 2000, which, in an action arising out of the infant plaintiff's alleged ingestion of lead paint while residing in an apartment owned and managed by defendants, insofar as appealed from, denied defendants' motion to vacate plaintiff's note of issue, and granted plaintiff's cross motion to sever defendants' third-party action against the owners of an apartment in which plaintiff resided subsequent to her residence in defendants' building, unanimously affirmed, without costs.

In August 1998, plaintiff served the report of her psychologist, which first revealed the existence of a lead paint condition in the apartment where she lived after moving out of defendants' building, and increased lead levels in her blood after such move. It was not necessary that defendants, in order to avoid a charge of frivolousness (CPLR 8303-a), independently confirm these statements made by plaintiff's own health care professional, before commencing a third-party action. Defendants waited to commence the third-party action until November 1999, after the note of issue had been filed in October 1999 pursuant to a September 1999 so-ordered stipulation that did not provide for additional disclosure to be taken by defendants or contemplate a third-party action. This delay was unnecessary. While plaintiff did not promptly provide defendants with an authorization for Department of Health (DOH) records concerning her exposure to lead in third-party defendants' building, the redacted records provided by DOH did identify the managing agent of that building, and a modicum of diligence by defendants would have disclosed the identities of third-party defendants themselves. These circumstances (see, *Miro v Branford House*, 174 AD2d 363; *Freeland v New York Communications Ctr. Assocs.*, 193 AD2d 511), together with the delays that will necessarily attend prosecution of the third-party action, including third-party defendants' own need for disclosure, warrant a severance of the third-party action in order to avoid prejudice to plaintiff (see, *Attie v City of New York*, 221 AD2d 274). While the main and third-party actions do involve common issues, any prejudice thereby caused to defendants is less than the prejudice caused to plaintiff by fur-

ther delay (see, *Pena v City of New York*, 222 AD2d 233). In the latter regard, a judgment against defendants in the main action will not impede their ability to obtain a judgment against third-party defendants in a severed third-party action (see, *Ravo v Rogatnick*, 70 NY2d 305). Concur—Nardelli, J. P., Williams, Tom, Andrias and Buckley, JJ.