■ JOGINDER SINGH, Respondent, v CITY OF NEW YORK et al., Defendants and Third-Party Plaintiffs-Appellants. EMB CONTRACTING CORP. et al., Third-Party Defendants-Respondents. [741 NYS2d 915] —In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated April 14, 2000, as granted the third-party defendants' motion for summary judgment dismissing the third-party complaint and denied their cross motion for summary judgment on the third-party complaint.

Ordered that the order is modified, on the law and as an exercise of discretion, by (1) deleting the provision thereof granting the motion for summary judgment dismissing the third-party complaint and substituting therefor a provision denying the motion, and (2) deleting the provision thereof denying as academic the plaintiff's motion for severance of the third-party action and substituting therefor a provision granting the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the third-party complaint is reinstated.

The plaintiff commenced this action seeking damages for personal injuries he allegedly sustained in a construction accident which occurred at a construction site owned by the defendants third-party plaintiffs. A preliminary conference order set forth that any third-party action was to be commenced within 60 days of the completion of all depositions. Nonetheless, the third-party complaint was not served until more than five months after the depositions were conducted. The Supreme Court granted the third-party defendants' motion for summary judgment dismissing the third-party complaint finding that indemnification was barred by the antisubrogation rule and that the third-party defendant was prejudiced by the late commencement of the third-party action. The Supreme Court further denied as academic the plaintiff's motion for severance.

The Supreme Court improperly granted the third-party defendants' motion for summary judgment on the ground that the antisubrogation rule barred the third-party action for indemnification, since the concerns addressed by that rule are not applicable in this case (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v State Ins. Fund,* 266 AD2d 518, 520). Moreover, the Supreme Court improvidently exercised its discretion in granting the motion on the ground that the third-party action was commenced after the deadline fixed by the preliminary conference order (*see Freeland v New York Communications Ctr. Assoc.,* 193 AD2d 511; *Annanquartey v Passeser,* 260 AD2d 517).

We find that severance of the third-party action is an appropriate remedy which avoids "prejudice [to] the substantial rights of any party" (CPLR 1010; *see* CPLR 603). The plaintiff is ready to proceed to trial on the sole issue of damages while the third-party defendants have yet to begin discovery in connection with the claim for indemnification. Under these circumstances, the Supreme Court should have denied the motion for summary judgment dismissing the third-party complaint and granted the plaintiff's motion for severance (*see Ambriano*

*v Bowman,* 245 AD2d 404; *Santos v Sure Iron Works,* 166 AD2d 571, 573; *Cusano v Sankyo Seiki Mfg. Co.,* 184 AD2d 489). Smith, J.P., O'Brien, Goldstein and Schmidt, JJ., concur.