■ MAREK MECZKOWSKI, as Administrator of the Estate of BOGUMIL MECZKOWSKI, Deceased, Respondent, v E.W. HOWELL Co., INC., Defendant and Third-Party Plaintiff-Appellant. FRONTIER INSURANCE COMPANY et al., Third-Party Defendants-Respondents. [880 NYS2d 507]—In an action to recover damages

for personal injuries, the defendant third-party plaintiff appeals, as limited by its brief, from (1) stated portions of an order of the Supreme Court, Kings County (Jackson, J.), dated March 26, 2008, and (2) so much of an amended order of the same court dated December 8, 2008, as granted those branches of the plaintiff's motion which were for leave to substitute Marek Meczkowski, as administrator of the estate of Bogumil Meczkowski, in the place of Bogumil Meczkowski pursuant to CPLR 1015 and 1021, and to sever the third-party action.

Ordered that the appeal from the order is dismissed, as it was superseded by the amended order; and it is further,

Ordered that the amended order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to substitute Marek Meczkowski, as administrator of the estate of Bogumil Meczkowski, in place of Bogumil Meczkowski pursuant to CPLR 1015 and 1021 (*see Rosenfeld v Hotel Corp. of Am.,* 20 NY2d 25 [1967]; *Encalada v City of New York,* 280 AD2d 578 [2001]; *Egrini v Brookhaven Mem. Hosp.,* 133 AD2d 610 [1987]). In addition, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to sever the third-party action to avoid further delay of this action, which was commenced more than nine years ago (*see* CPLR 603, 1010; *see also Singh v City of New York,* 294 AD2d 422 [2002]; *Garcia v Gesher Realty Corp.,* 280 AD2d 440 [2001]; *Ambriano v Bowman,* 245 AD2d 404 [1997]; *Klein v City of Long Beach,* 154 AD2d 346 [1989]).

The appellant's remaining contentions are without merit. Mastro, J.P., Dillon, Santucci and Balkin, JJ., concur.