■ JENNIFER LAMBERT, Appellant, v RALPH J. ESTREN et al., Respondents. [7 NYS3d 169]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Battaglia, J.), dated April 3, 2014, which denied her motion pursuant to CPLR 1015 (a) to appoint a temporary administrator of the estate of Ralph J. Estren, to substitute the temporary administrator for Ralph J. Estren as a defendant, and to lift the stay resulting from the death of the defendant Ralph J. Estren.

Ordered that the order is affirmed, with costs.

The infant plaintiff, by her mother, commenced this action to

recover damages allegedly resulting from exposure to a hazardous lead-based paint condition in a dwelling owned by the defendants. Less than one year after this action was commenced, the plaintiff's attorney was notified that the defendant Ralph J. Estren had died in Florida. The plaintiff subsequently moved pursuant to CPLR 1015 (a), inter alia, to appoint a temporary administrator of the estate of Ralph J. Estren for the limited purpose of defending this action. The Supreme Court denied the plaintiff's motion.

"If a party dies and the claim for or against him [or her] is not thereby extinguished the court shall order substitution of the proper parties" (CPLR 1015 [a]; *see Dieye v Royal Blue Servs., Inc.*, 104 AD3d 724, 725 [2013]). "A motion for substitution may be made by the successors or representatives of a party or by any party" (CPLR 1021; *see Dieye v Royal Blue Servs., Inc.*, 104 AD3d at 725). "Generally, the death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action pending the substitution of a personal representative for the decedent" (*Neuman v Neumann*, 85 AD3d 1138, 1139 [2011]; *see Matter of Vita V. [Cara B.]*, 100 AD3d 913, 914 [2012]).

In most instances a personal representative appointed by the Surrogate's Court should be substituted in the action to represent the decedent's estate (*see Dieye v Royal Blue Servs., Inc.*, 104 AD3d at 725; *see also* 3-1015 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 1015.06). However, in the event no such representative exists, an appropriate appointment may be made by the Supreme Court and that individual may be substituted in place of the decedent (*see Dieye v Royal Blue Servs., Inc.*, 104 AD3d at 725; *Grillo v Tese*, 113 AD2d 871, 873 [1985]; *see also Matter of St. Luke's-Roosevelt Hosp. Ctr.*, 261 AD2d 320, 320-321 [1999]). Indeed, "[t]he Supreme Court is a court of general jurisdiction with the power to appoint a temporary administrator, and may do so to avoid delay and prejudice in a pending action" (*Dieye v Royal Blue Servs., Inc.*, 104 AD3d at 726; *see Harding v Noble Taxi Corp.*, 155 AD2d 265, 266 [1989]; *see also Grillo v Tese*, 113 AD2d at 873). The determination of whether to exercise its authority to appoint a temporary administrator is committed to the sound discretion of the Supreme Court, and will not be disturbed by this Court so long as the determination does not constitute an improvident exercise of discretion (*see Rosenfeld v Hotel Corp. of Am.*, 20 NY2d 25, 28 [1967]; *Meczkowski v E.W. Howell Co., Inc.*, 63 AD3d 803, 804 [2009]).

Under the circumstances of this case, the Supreme Court

providently exercised its discretion in denying the plaintiff's motion, inter alia, to appoint a temporary administrator (*see* CPLR 1015 [a]; *see generally Rosenfeld v Hotel Corp. of Am.*, 20 NY2d at 28; *Meczkowski v E.W. Howell Co., Inc.*, 63 AD3d at 804). Although in most instances the personal representative of the decedent's estate should be substituted, here, the plaintiff failed to demonstrate what steps she had taken to secure the appointment of a personal representative in the appropriate Surrogate's Court or that resort to the appropriate Surrogate's Court was otherwise unfeasible (*cf. Dieye v Royal Blue Servs., Inc.*, 104 AD3d 724 [2013]). Furthermore, the plaintiff did not contend that this action, which is based on events occurring nearly 20 years ago, was trial-ready (*cf. Harding v Noble Taxi Corp.*, 155 AD2d 265 [1989]). Under the circumstances presented here, the plaintiff failed to adequately demonstrate why the appointment of a temporary administrator was needed to avoid undue delay and prejudice. Balkin, J.P., Hall, Miller and Duffy, JJ., concur.