■ VIOLETA KASTRATAJ, Appellant, v APRIL BLADES et al., Defendants. KAREN L. LAWRENCE, Nonparty Respondent. [28 NYS3d 689]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Nahman, J.), entered December 31, 2014, which denied her motion pursuant to CPLR 1015 (a) for leave to appoint Karen L. Lawrence as the temporary administrator of the estate of Waltraut I. Vossen, to substitute Karen L. Lawrence for Waltraut I. Vossen, sued herein as Wattraut Ivossen, as a defendant, and to amend the caption accordingly.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff allegedly sustained injuries when a vehicle in which she was a passenger collided with two other vehicles, one of which was operated by the defendant Waltrout I. Vossen, sued herein as Wattraut Ivossen. The plaintiff commenced this action against, among others, Vossen, who appeared and filed an answer. During the course of discovery, counsel for Vossen advised that she had passed away (hereinafter the decedent). The decedent died in New Jersey, the state in which she also resided prior to her death. The plaintiff subsequently moved pursuant to CPLR 1015 (a) to appoint Karen L. Lawrence, the attorney representing the decedent in the instant action, as the temporary administrator of the decedent's estate and to amend the caption accordingly. In her moving papers, the plaintiff agreed to limit the amount of recovery sought against the estate to the limits of any insurance coverage available to the decedent. Lawrence opposed the motion on the ground that the plaintiff failed to present any facts that warranted the relief. The Supreme Court denied the motion, and the plaintiff appeals.

If a party dies and the claim against her "is not thereby extinguished the court shall order substitution of the proper parties" (CPLR 1015 [a]). A motion seeking substitution "may be made by the successors or representatives of a party or by any party" (CPLR 1021). While in most instances the personal representative of the decedent's estate will be substituted in the action, in the event no such representative exists, an appropriate appointment should be made and that individual should be substituted in place of the decedent (*see* CPLR 1021; *Dieye v Royal Blue Servs., Inc.*, 104 AD3d 724, 726 [2013]). "The Supreme Court is a court of general jurisdiction with the power to appoint a temporary administrator, and may do so to avoid delay and prejudice in a pending action" (*Dieye v Royal Blue Servs., Inc.*, 104 AD3d at 726). "The determination of whether to exercise its authority to appoint a temporary

administrator is committed to the sound discretion of the Supreme Court" (*Lambert v Estren*, 126 AD3d 942, 943 [2015]).

Here, the plaintiff failed to demonstrate the steps she had taken to secure the appointment of a personal representative in the appropriate Surrogate's Court or that resort to the appropriate Surrogate's Court was otherwise unfeasible (*see id.* at 943). Indeed, the very death certificate that the plaintiff submitted to the Supreme Court identifies the name and address of the decedent's son, yet the plaintiff failed to indicate whether any attempt was made to contact him, much less request his cooperation. In any event, the instant action is not trial ready, and the plaintiff failed to adequately demonstrate why the appointment of a temporary administrator was needed to avoid undue delay and prejudice (*see id.* at 944).

Accordingly, under the circumstances presented here, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion. Balkin, J.P., Chambers, Cohen and Maltese, JJ., concur.