Laroche v Laroche (2018 NY Slip Op 04708)





Laroche v Laroche


2018 NY Slip Op 04708


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2017-04050
 (Index No. 203/12)

[*1]Denise Laroche, appellant, 
v
Bruce Laroche, respondent.


John E. Quinn, Long Beach, NY, for appellant.
Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Marshall D. Sweetbaum and Joel A. Sweetbaum], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered March 1, 2017. The order granted the motion of the nonparty Allstate Insurance Company pursuant to CPLR 1021 to dismiss the complaint and denied the plaintiff's cross motion pursuant to CPLR 1021 for leave to appoint Karen L. Lawrence as the temporary administrator of the estate of the defendant, and, in effect, to substitute Karen L. Lawrence as the defendant.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the nonparty Allstate Insurance Company pursuant to CPLR 1021 to dismiss the complaint and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.
In 2009, the plaintiff allegedly sustained injuries when she tripped and fell on the staircase of the entrance to the defendant's property, where both parties resided. The property was insured by the nonparty Allstate Insurance Company (hereinafter Allstate). In 2012, the plaintiff commenced this action against the defendant to recover damages for personal injuries. Before an answer was served on behalf of the defendant, he died on April 5, 2012. As of June 5, 2012, the plaintiff's counsel was aware of the defendant's death.
On July 1, 2016, the Law Offices of Karen L. Lawrence, staff counsel for Allstate, moved on Allstate's behalf pursuant to CPLR 1021 to dismiss the complaint due to the plaintiff's failure to secure a representative of the defendant's estate so that the automatic stay could be lifted. [*2]The plaintiff opposed the motion and cross-moved to have Karen L. Lawrence appointed as temporary administrator of the defendant's estate solely for the purpose of defending the estate in this action and, in effect, have Karen L. Lawrence substituted as the defendant in the action. In the papers submitted to the Supreme Court on the motion and cross motion, the plaintiff's counsel stated that the plaintiff would limit her recovery to the limits of Allstate's policy. The Supreme Court granted Allstate's motion and denied the plaintiff's cross motion. The plaintiff appeals.
"If a party dies and the claim for or against him [or her] is not thereby extinguished the court shall order substitution of the proper parties" (CPLR 1015[a]). "A motion for substitution may be made by the successors or representatives of a party or by any party" (CPLR 1021). Further, "[i]f the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made" (CPLR 1021). "The Supreme Court is a court of general jurisdiction with the power to appoint a temporary administrator, and may do so to avoid delay and prejudice in a pending action" (Dieye v Royal Blue Servs., Inc., 104 AD3d 724, 726). The determination whether to exercise its authority to appoint a temporary administrator is addressed to the broad discretion of the Supreme Court (see Rosenfeld v Hotel Corp. of Am., 20 NY2d 25, 28; Lambert v Estren, 126 AD3d 942, 943; see e.g. Meczkowski v E.W. Howell Co., Inc., 63 AD3d 803). "In most instances the personal representative of the decedent's estate should be substituted in the action" (Weinstein-Korn-Miller, NY Civ Prac, ¶ 1015.06; see Grillo v Tese, 113 AD2d 871, 873).
Here, contrary to Allstate's contention, CPLR 1021 did not give Allstate authority to move to dismiss the complaint, but rather only gave permission to "any party" to move for substitution. Further, Allstate did not submit any proof that it gave notice to the persons interested in the defendant's estate of its motion as required by statute (see CPLR 1021). Moreover, CPLR 1021 provides that an action may be dismissed as to the party for whom substitution should have been made if substitution is not made within a reasonable time. "The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, the prejudice to the other parties, and whether the party to be substituted has shown that the action or the defense has potential merit" (Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc., 108 AD3d 618, 619; see Alejandro v North Tarrytown Realty Assoc., 129 AD3d 749, 749; Riedel v Kapoor, 123 AD3d 996; Largo-Chicaiza v Westchester Scaffold Equip. Corp., 90 AD3d 716, 717). Absent from the record are any details regarding the diligence employed in seeking substitution, any demonstration that the defense would be prejudiced by the substitution, or a showing of the merits of either the complaint or the defense (cf. Borruso v New York Methodist Hosp., 84 AD3d 1293, 1295). Accordingly, the Supreme Court should have denied Allstate's motion pursuant to CPLR 1021 to dismiss the complaint.
However, with respect to the cross motion, the plaintiff failed to demonstrate any reasonable excuse for the delay in moving for the appointment and substitution of a representative for the defendant's estate. The plaintiff only cross-moved for the appointment and substitution in response to Allstate's motion to dismiss the complaint, and did not submit an affidavit of merit (see Alejandro v North Tarrytown Realty Assoc., 129 AD3d at 750; Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc., 108 AD3d at 619). Moreover, the plaintiff did not demonstrate the steps taken to secure the appointment of a personal representative or show that it was necessary for the Supreme Court to appoint a temporary administrator to avoid delay and prejudice in the pending action where issue had yet to be joined and Karen L. Lawrence had not appeared on behalf of the defendant (see CPLR 1015[a]; Kastrataj v Blades, 136 AD3d 756, 758; Lambert v Estren, 126 AD3d [*3]at 944). Accordingly, we agree with the Supreme Court's denial of the plaintiff's cross motion under the circumstances presented.
BALKIN, J.P., AUSTIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court