Sears v Rich (2024 NY Slip Op 50026(U))

[*1]

Sears v Rich

2024 NY Slip Op 50026(U)

Decided on January 11, 2024

Supreme Court, Nassau County

Kapoor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 11, 2024
Supreme Court, Nassau County

Selina Sears, Plaintiff,

against
Ronne Rich and CVS PHARMACY, INC., Defendants.

Index No. 607597/2019 

 

Sarika Kapoor, J.

NYSCEF document nos. 53 — 78 were read and considered in deciding this motion.
Relief Requested
The plaintiff moves (1) pursuant to CPLR 1015 and 1021 to appoint Lewis John Avallone Aviles, LLP, counsel for the deceased defendant Ronne Rich (hereinafter Rich), or other guardian, as temporary administrator of Rich's estate for purposes solely as representative in this action and for substitution of that administrator in her place, (2) to lift the automatic stay, amend the caption to reflect this substitution, and permit discovery and trial to go forward.

Background
The plaintiff allegedly was injured when she was struck by shelving inside of a CVS Pharmacy, which was caused to fall when a vehicle driven by Rich crashed through the exterior wall of the building. In June 2019, the plaintiff commenced this action against Rich and the defendant CVS Pharmacy, Inc. (hereinafter CVS), to recover damages for personal injuries. By decision and order entered March 17, 2021, this Court (Mahon, J.) granted the plaintiff's motion for summary judgment on the issue of liability insofar as asserted against Rich. By decision and order entered October 25, 2021, this Court (Mahon, J.) denied CVS's motion for summary judgment dismissing the complaint insofar as asserted against it, without prejudice to renew [*2]upon the completion of discovery. Rich died on March 15, 2022. 

 Motion Sequence 003
The plaintiff moves (1) pursuant to CPLR 1015 and 1021 to appoint counsel for Rich, Lewis John Avallone Aviles, LLP, or other guardian, as temporary administrator of Rich's estate for purposes solely as representative in this action and for substitution of that administrator in her place, (2) to lift the automatic stay, amend the caption to reflect this substitution, and permit discovery and trial to go forward. In an attorney affirmation submitted in support of the motion, counsel for the plaintiff asserts that, as Rich's attorneys have failed to appoint an administrator with no resolution in sight, the Court should appoint defense counsel as temporary administrator to allow the case to proceed and to avoid prejudice to the plaintiff. Counsel asserts that good-faith efforts have been made to appoint an administrator, and summarizes a number of emails that were sent by the plaintiff and CVS to defense counsel, and to counsel for Rich's estate, Eric Cherches, Esq. inquiring as to whether the estate would be substituted for Rich in this action.
In an attorney affirmation in opposition, counsel for Rich asserts that counsel was assigned by Rich's insurer, Allstate Insurance Companies (hereinafter Allstate). Counsel asserts that an insurance-appointed attorney is not a "proper party" to be named as administrator under CPLR 1021(a). Counsel also asserts that there is no urgency here, as depositions have not yet been conducted, and the action was not on the eve of trial. Counsel assert that they do not contend that appointment of an administrator is inappropriate; rather, counsel contends that their office is not the appropriate party to be appointed.
In an attorney affirmation in reply, counsel for the plaintiff asserts that defense counsel is a proper party because (a) a law firm is authorized by law to be fiduciary and, therefore, a temporary administrator (b) Allstate has not disclaimed coverage for Rich, (c) the plaintiff's claims against Rich are limited to the available insurance, (d) defense counsel owes a duty to the client to avoid an excess judgment, and (e) as the available Allstate insurance is the only asset at risk, there is no risk to the estate, and therefore defense counsel is the proper party to defendant the estate. Counsel for the plaintiff also contends, in the alternative, that this Court can use its inherent power to appoint the Public Administrator of Nassau County to act as temporary administrator for this litigation only and hold them harmless for any proceeds possibly recovered by the plaintiff beyond the insurance coverage maintained by Rich.

 Discussion
"'[I]t is well established that the dead cannot be sued'" (Matter of Foreclosure of Tax Liens, 165 AD3d 1112, 1116 [2d Dept 2018], quoting Marte v Graber, 58 AD3d 1, 3 [1st Dept 2008]). "[I]f the death of a party occurs after the commencement of a proceeding or action, 'and the claim for or against him [or her] is not thereby extinguished[,] the court shall order substitution of proper parties'" (Matter of Foreclosure of Tax Liens, 165 AD3d at 116, quoting CPLR 1015[a]). "'A motion for substitution may be made by the successors or representatives of a party or by any party'" (Matter of Foreclosure of Tax Liens, 165 AD3d at 116, quoting CPLR 1021). "The death of a party divests the court of jurisdiction and stays the proceedings until a proper substitution has been made pursuant to CPLR 1015(a). Moreover, any determination rendered without a substitution will generally be deemed a nullity. A motion for substitution pursuant to CPLR 1021 is the method by which the court acquires jurisdiction over the deceased [*3]party's successors in interest, and such a motion is not a mere technicality" (Matter of Foreclosure of Tax Liens, 165 AD3d at 116-117 [citations and internal quotation marks omitted]).
"In most instances, a personal representative appointed by the Surrogate's Court should be substituted . . . to represent the decedent's estate. However, in the event no such representative exists, an appropriate appointment may be made by the Supreme Court and that individual may be substituted in place of the decedent. Indeed, [t]he Supreme Court is a court of general jurisdiction with the power to appoint a temporary administrator, and may do so to avoid delay and prejudice in a pending action [or proceeding]. The determination whether to exercise its authority to appoint a temporary administrator is addressed to the broad discretion of the Supreme Court" (id. at 117 [citations and internal quotation marks omitted]). Where a plaintiff agrees to limit the amount of recovery sought to the limits of any insurance coverage, the estate will not be adversely affected by the continuation of an action and, under such circumstances, there is no special need for the plaintiff to proceed in Surrogate's Court, and the Supreme Court may properly exercise its authority to appoint a temporary administrator to avoid delay (see Dieye v Royal Blue Servs., Inc., 104 AD3d 724, 726 [2d Dept 2013]).
Here, according to the attorney affirmation submitted in support of the plaintiff's motion, counsel for the plaintiff contacted the attorney handling Rich's estate numerous times regarding making a substitution in the instant case. The plaintiff's counsel was advised in some emails that the estate is complicated, and it may be some time before an administrator is appointed. Other emails sent by the plaintiff's counsel did not receive a response. Moreover, plaintiff's counsel indicated that, as of the date the motion was filed, no filing or petition had been filed regarding Rich in the Surrogates Court. 
The Court is satisfied that the plaintiff demonstrated that resort to the appropriate Surrogate's Court is unfeasible, since, according to the attorney affirmation submitted in support of the instant motion, nothing has been commenced in the Surrogate's Court (c.f. Kastrataj v Blades, 136 AD3d 756, 758 [2d Dept 2016]; Lambert v Estren, 126 AD3d 942, 943-944 [2d Dept 2015]). Additionally, in light of the plaintiff's agreement to limit the amount of recovery sought to the limits of any insurance coverage available to Rich, Rich's estate will not be adversely affected by the continuation of this action (see Dieye v Royal Blue Servs., Inc., 104 AD3d 724, 726 [2d Dept 2013]). The Court further finds that, under the circumstances here, the appointment of the Public Administrator of Nassau County is appropriate (see Tarwacki v HVT, Inc., 2008 NY Slip Op 30651[U] [Sup Ct, Richmond County 2008]).

Conclusion
It is hereby,
ORDERED that the branch of the plaintiff's motion which is to pursuant to CPLR 1015 and 1021 to appoint Lewis John Avallone Aviles, LLP, or other guardian, as temporary administrator of Rich's estate for purposes solely as representative in this action and for substitution of that administrator in her place is GRANTED to the extent that Edward W. Powers, the Public Administrator of Nassau County, is hereby appointed as Temporary Administrator of the Estate of Ronne Rich; and it is further,
ORDERED that the Public Administrator, the State of New York, and the Estate of Ronne Rich shall be held harmless for any proceeds possibly recovered by plaintiff beyond the [*4]insurance coverage maintained by the decedent, Ronne Rich; and it is further,
ORDERED that the branch of the plaintiff's motion which is to lift the automatic stay, amend the caption to reflect this substitution, and permit discovery and trial to go forward is GRANTED; and it is further,
ORDERED that the caption shall be amended as follows:
Selina Sears,
                                                             Plaintiff,
                        -against-
Edward W. Powers, as Temporary Administrator 
of the Estate of Ronne Rich, and CVS Pharmacy, Inc.,
                                                             Defendants.
and it is further,
ORDERED that all parties are directed to appear before Part 34 for an in-person status conference on Thursday, March 14, 2024, at 9:30 a.m.; and it is further,
ORDERED that the plaintiff shall serve the summons and complaint together with a copy of this order with notice of entry upon the Public Administrator of Nassau County, as Temporary Administrator of the Estate of Ronne Rich, in accordance with CPLR 308.
All other relief not specifically addressed by this Court is DENIED.
This shall constitute the Decision and Order of the Court.
Dated: January 11, 2024
Mineola, New York
E N T E R:
____________________________________
HON. SARIKA KAPOOR, A.J.S.C.