Lopez v Jackson (2024 NY Slip Op 04551)

Lopez v Jackson

2024 NY Slip Op 04551

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2023-01721
 (Index No. 706916/20)

[*1]Johana M. Lopez, et al., appellants, 
v
Priscilla G. Jackson, et al., defendants.

Surdez & Perez, P.C. (Michael H. Zhu, Esq., P.C., Rego Park, NY, of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered February 7, 2023. The order denied the plaintiffs' motion to appoint Joanne Rossetti as the temporary administrator of the estate of the defendant Richard R. Rossetti, to substitute Joanne Rossetti, as the temporary administrator of the estate of Richard R. Rossetti, as a defendant in place of the defendant Richard R. Rossetti, and to amend the caption accordingly.
ORDERED that the order is affirmed, without costs or disbursements.
On June 8, 2020, the plaintiffs commenced this action to recover damages for personal injuries they allegedly sustained in a motor vehicle accident that occurred on June 22, 2019. The defendant Richard R. Rossetti died on October 1, 2021. In October 2022, the plaintiffs moved to appoint Joanne Rossetti, Richard's wife, as the temporary administrator of Richard's estate, to substitute Joanne, as the temporary administrator of Richard's estate, as a defendant in place of Richard, and to amend the caption accordingly. The Supreme Court denied the motion. The plaintiffs appeal.
"If a party dies and the claim for or against him [or her] is not thereby extinguished the court shall order substitution of the proper parties" (CPLR 1015[a]). "A motion for substitution may be made by the successors or representatives of a party or by any party" (id. § 1021). "If a person who should be substituted does not appear voluntarily he [or she] may be made a party defendant" (id.). Further, "[i]f the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made" (id.).
"In most instances the personal representative of the decedent's estate should be substituted in the action" (Laroche v Laroche, 162 AD3d 1000, 1001 [internal quotation marks omitted]; see Lambert v Estren, 126 AD3d 942, 943). "However, in the event no such representative exists, an appropriate appointment may be made by the Supreme Court and that individual may be substituted in place of the decedent" (Lambert v Estren, 126 AD3d at 943; see Dieye v Royal Blue Servs., Inc., 104 AD3d 724, 725). Indeed, "[t]he Supreme Court is a court of general jurisdiction with the power to appoint a temporary administrator, and may do so to avoid delay and prejudice in a pending action" (Dieye v Royal Blue Servs., Inc., 104 AD3d at 726; see Laroche v Laroche, 162 [*2]AD3d at 1001). "The determination whether to exercise its authority to appoint a temporary administrator is addressed to the broad discretion of the Supreme Court" (Laroche v Laroche, 162 AD3d at 1001; see Rosenfeld v Hotel Corp. of Am., 20 NY2d 25, 28).
Here, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion, inter alia, to appoint Joanne as the temporary administrator of Richard's estate since the plaintiffs failed to demonstrate the steps they had taken to secure the appointment of a personal representative in the appropriate Surrogate's Court or that resort to the appropriate Surrogate's Court was otherwise unfeasible, did not contend that this action was trial-ready, and otherwise failed to adequately demonstrate why the appointment of a temporary administrator was needed to avoid undue delay and prejudice (see Kastrataj v Blades, 136 AD3d 756, 758; Lambert v Estren, 126 AD3d at 943-944).
IANNACCI, J.P., CHRISTOPHER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court