Mitchell v DHG Winrock, LLC (2025 NY Slip Op 52029(U))

[*1]

Mitchell v DHG Winrock, LLC

2025 NY Slip Op 52029(U)

Decided on December 12, 2025

Supreme Court, Richmond County

Marrone, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 12, 2025
Supreme Court, Richmond County

Brandy Mitchell, Plaintiff

against
DHG Winrock, LLC, DRS Food, Inc., Flagstar Bank, NA, and So Plumbing and Heating, Inc., Defendants
DRS Food, Inc., Third-Party Plaintiff
against
So Plumbing and Heating Inc., Third-Party Defendant 
DRS Food, Inc., Second Third-Party Plaintiff
against
Connelly & Son's Plumbing & Heating, Inc., Second Third-Party Defendant

Index No. 151554/2023

Counsel for the plaintiff Brandy Mitchell:
Krentsel Guzman Herbert, LLP.
40 Wall Street, 45th Floor New York, NY 10005
Skrentsel@kglawteam.com 
Counsel for defendant/third-party plaintiff DRS Food, Inc.: 
Hoffman Matlin & Monroy, LLP
505 8th Ave, Rm 1101
New York, NY 10018
info@hrmnylaw.com
Counsel for defendants DHG Winrock, LLC and Flagstar Bank, N.A:
Connors & Connors, P.C.
766 Castleton Ave, 
Staten Island, NY 10310
jconnorsjr@connorslaw.com
Counsel for third-party defendants Connelly & Son's Plumbing & Heating, Inc.
Lewis Brisbois Bisgaard & Smith LLP
7 World Trade Center
250 Greenwich St., Fl. 11
New York, NY 10007
rani.allan@lewisbrisbois.com

Paul Marrone, Jr., J.

Recitation, as required by CPLR § 2219 (a), of the papers considered in the review of this motion:
Papers NYSCEF Document(s)
Plaintiff's Motion (#9), with supporting documents (filed October 7, 2025) 205 — 209
Defendant DRS's Opposition to Plaintiff's Motion (#9), with supporting documents (filed October 27, 2025 and November 3, 2025) 212 — 219
Plaintiff's Reply to Defendant DRS's Opposition, with supporting documents (filed November 6, 2025) 220 — 222
The plaintiff, Brandy Mitchell ("Plaintiff"), has commenced this action against DHG Winrock ("Defendant DHG"), LLC; DRS Food, Inc. ("Defendant DRS"); Flagstar Bank, NA ("Defendant Flagstar"); and SO Plumbing and Heating, Inc. ("Defendant SO"), to recover damages for personal injuries sustained as a result of an alleged slip-and-fall on August 10, 2023. Defendant DRS subsequently filed separate third-party complaints against Defendant SO and Connelly & Son's Plumbing & Heating, Inc ("Defendant Connelly"). Plaintiff has filed the instant motion seeking an order (1) severing the second third-party action commenced by Defendant DRS against Defendant Connelly, and (2) imposing sanctions against Defendant DRS. Defendant DRS filed opposition, to which Plaintiff filed a reply. Oral argument was heard on November 13, 2025 and the Court's decision was reserved.
PROCEDURAL HISTORY
Plaintiff filed the initial summons and complaint on August 23, 2023, naming Defendant DHG and Domino's Pizza, LLC ("Defendant Domino's") as the only defendants. On October 6, 2023, Plaintiff filed an amended complaint adding Defendant DRS as a defendant. On [*2]September 18, 2024, the parties filed a stipulation discontinuing all claims and crossclaims against Defendant Domino's. Plaintiff has since filed multiple amended complaints, adding Defendant Flagstar on October 1, 2024, and Defendant SO on April 21, 2025.
Defendant DHG and Defendant Flagstar interposed answers on May 22, 2025, and Defendant DRS interposed its answer on May 27, 2025. A default judgment was entered against Defendant SO on June 12, 2025.
Defendant DRS commenced the second third-party action against Defendant Connelly on September 30, 2025, approximately two years into the main action. Defendant Connelly was served via the Secretary of State on November 3, 2025, but has yet to file an answer. On December 4, 2025, Defendant DRS and Defendant Connelly executed a stipulation extending Defendant Connelly's time to answer until January 5, 2026.
At a conference on October 15, 2025, Plaintiff's counsel informed the Court that a site inspection and depositions of all parties and non-parties were completed as of September 23, 2025. The record reflects that the only open issue identified at that conference was the outstanding answer from Defendant Connelly, and no outstanding discovery was sought by any party.
DISCUSSION
The Court first addresses Plaintiff's motion to sever the second third party action. Although Plaintiff relies on the general severance authority of CPLR 603, the application to sever a third party claim is specifically governed by CPLR 1010. CPLR 603 authorizes the Court, in furtherance of convenience or to avoid prejudice, to order a severance of claims. CPLR 1010 further grants the Court discretion to dismiss or sever a third party complaint upon consideration of whether the controversy between the third party plaintiff and the third party defendant will unduly delay the determination of the main action or prejudice the substantial rights of any party (CPLR 1010; see Paulino v Staten Is. Univ. Hosp., 234 AD3d 787 [2d Dept 2025]; Whippoorwill Hills Homeowners Assn., Inc. v Toll at Whippoorwill, LP, 91 AD3d 864 [2d Dept 2012]).
Plaintiff argues that the main action is ready to proceed toward certification for trial, with all depositions and discovery completed, and that requiring Plaintiff to engage in additional third party discovery with Defendant Connelly would cause substantial delay in the adjudication of her claims. Plaintiff alleges that Defendant DRS's impleader of Defendant Connelly is a delay tactic, as it rests exclusively on records showing work performed approximately eight years before Plaintiff's accident, and that any causal relationship between that work and the condition at issue is speculative. In the reply papers, which substantially duplicate the affirmation in support, Plaintiff adds that Defendant Connelly has not timely interposed an answer and that Defendant DRS has expressed no urgency in seeking a default, which Plaintiff contends will further prolong this litigation.
Defendant DRS contends that Connelly is a necessary party, reasoning that records obtained from Defendant DHG and Defendant Flagstar show that Defendant Connelly performed work on the roof of the premises, and that Defendant Connelly's negligence in performing that work is directly related to Plaintiff's cause of action. Defendant DRS further argues that the second third party action was timely because it was commenced seven days after completion of party depositions, within the 45-day deadline set by the preliminary conference order, and prior to the filing of a Note of Issue.
It is well established that the trial court's discretion to grant severance is to be exercised [*3]sparingly (see Shanley v Callanan Indus., Inc., 54 NY2d 52, 57 [1981]; Carvajal v Alcaide, 241 AD3d 1420, 1421 [2d Dept 2025]). The public policy favoring unified adjudication of related claims is particularly strong where the claims share common factual and legal issues, such as the respective liability of the defendant and a third party defendant for the plaintiff's injuries (see id.; see Rothstein v Milleridge Inn, Inc., 251 AD2d 154, 155 [1st Dept 1998]). In such circumstances, a single trial ordinarily best serves judicial economy, avoids fragmentation of litigation, and promotes consistency of verdicts (see New York Cent. Mut. Ins. Co. v McGee, 87 AD3d 622 [2d Dept 2011]; Shanley, 54 NY2d at 57).
CPLR 1010, however, permits departure from that general principle when the benefits of a joint trial are outweighed by undue delay or prejudice to a party's substantial rights (see Singh v City of New York, 294 AD2d 422 [2d Dept 2002]; Whippoorwill Hills Homeowners Assn., Inc., 91 AD3d at 865; Coward v Consol. Edison, Inc., 62 Misc 3d 1211(A) [Sup Ct, Queens County 2019]). An important consideration in this analysis is the timing of the third party joinder (see Vincent C. Alexander, Prac Commentaries, McKinney's Cons Laws of NY, CPLR 1010). Where discovery in the main action is complete and a newly commenced third party action would require additional discovery and unreasonably delay the plaintiff's case, trying all claims together may prejudice the plaintiff's interest in a reasonably prompt resolution of the main action (see Ambriano v Bowman, 245 AD2d 404 [2d Dept 1997]; Singh, 294 AD2d at 423; Meczkowski v E.W. Howell Co., Inc., 63 AD3d 803 [2d Dept 2009]; Pena v City of New York, 222 AD2d 233 [1st Dept 1995]).
Here, the Court finds that severance of the second third party action is warranted. This action has been pending for more than two years, all depositions have been completed, and the parties have identified no outstanding discovery in the main action. Although Defendant DRS's impleader of Connelly was technically timely, requiring Plaintiff at this point to engage in additional third party discovery would unduly delay adjudication of claims that, as between the parties to the main action, are ready to move toward certification (see Paulino, 234 AD3d at 789-790; Singh, 294 AD2d at 423; Ambriano, 245 AD2d at 405; Whippoorwill Hills Homeowners Assn., Inc., 91 AD3d at 865).
The potential for significant delay to the main action is underscored by the early procedural history of the Defendant Connelly impleader. The second third party summons and complaint, filed on September 30, 2025, was not served until November 3, 2025. After this motion was heard and fully submitted, Defendant Connelly's time to answer was further extended by stipulation to January 5, 2026. These developments demonstrate that the second third party action is already proceeding outside the ordinary statutory timetable and that substantial discovery in that action still lies ahead, confirming Plaintiff's contention that keeping the claims joined will meaningfully delay resolution of the main action. This is precisely the kind of undue delay that CPLR 1010 is designed to address, by permitting severance of a third party claim where necessary to protect the substantial rights of the parties in the main action.
Moreover, Defendant DRS does not substantively rebut Plaintiff's assertion of prejudice arising from further delay, nor does it identify any concrete prejudice it would suffer if required to pursue its claims against Defendant Connelly in a separate action. Neither Defendant DHG nor Defendant Flagstar have raised any objections to severance. Under these circumstances, the demonstrated risk of continued delay to Plaintiff outweighs the public policy favoring a single, consolidated trial.
Accordingly, the branch of Plaintiff's motion seeking severance of the second third party [*4]action will be granted.
Plaintiff also seeks sanctions and an award of costs pursuant to 22 NYCRR 130 1.1, alleging that Defendant DRS's counsel has engaged in dilatory and frivolous litigation tactics. Plaintiff requests the imposition of a monetary sanction in the amount of $25,000.00 to be paid to the Lawyers' Fund for Client Protection, as well as reimbursement of the $45.00 fee incurred by filing this motion.
Defendant DRS opposes this branch of the motion and, in turn, asks that sanctions be imposed against Plaintiff. Defendant DRS argues that Plaintiff's good faith affirmation contains material inaccuracies, including the assertions that Defendant DRS did not confirm Plaintiff's deposition and that Plaintiff's counsel attempted to resolve the motion before filing. Defendant DRS maintains that its office has cooperated with discovery and that it was Defendant DRS's counsel who made multiple, unanswered attempts to contact Plaintiff's counsel by telephone and email regarding the motion. Defendant DRS further asserts that Plaintiff's request for sanctions, premised on a permissible and timely third party filing, is itself frivolous and consistent with a recurring pattern of similar applications by Plaintiff's firm and, therefore, asks that sanctions be imposed against Plaintiff's counsel.
Pursuant to 22 NYCRR 130 1.1, the Court may, in its discretion, award costs or impose financial sanctions upon a party or attorney for frivolous conduct (see Chen v Clean Air Car Serv. & Parking Corp., 241 AD3d 904 [2d Dept 2025]). Conduct is frivolous if, among other things, it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another (22 NYCRR 130 1.1[c]). In determining whether conduct is frivolous, the Court considers the circumstances under which the conduct took place, including whether it was continued when its lack of legal or factual basis was, or should have been, apparent (id.; Chen, 241 AD3d at 905).
Measured against this standard, Plaintiff has not shown that Defendant DRS's decision to implead Defendant Connelly was undertaken primarily to delay this litigation or harass Plaintiff. The record shows a facially legitimate basis for impleader in the invoices produced by Defendant DHG and Defendant Flagstar, and Plaintiff identifies no conduct, apart from the timing and fact of the impleader itself, to support the allegation of frivolous or bad faith tactics. On this record, the Court cannot conclude that Defendant DRS's counsel engaged in frivolous conduct within the meaning of 22 NYCRR 130 1.1, and the branch of Plaintiff's motion seeking sanctions and costs is denied.
For similar reasons, Defendant DRS's informal request in its opposition papers that sanctions be imposed against Plaintiff's counsel is also denied.
The Court does, however, note that Plaintiff's good faith affirmation contains boilerplate language that does not pertain to the instant motion, and is unsupported by documentary proof of the efforts it recites. Counsel are reminded that good faith affirmations must be tailored to the specific motion, factually accurate, and grounded in bona fide, documented efforts to resolve the dispute before seeking judicial intervention. Counsel are further cautioned that requests for sanctions should be reserved for conduct that is truly frivolous within the meaning of 22 NYCRR 130 1.1, and should not be deployed as a tit for tat litigation tactic.
DECISION AND ORDER
Accordingly, Plaintiff's Motion #9 is hereby GRANTED to the extent set forth herein, and it is hereby:
ORDERED that the second third party action, DRS Food, Inc. v Connelly & Son's [*5]Plumbing & Heating, Inc., is severed from the main action; and it is further
ORDERED that, within twenty (20) days of service of notice of entry of this Decision and Order, DRS Food, Inc. shall file with the Clerk a Request for Judicial Intervention and the relevant pleadings for the severed action, along with payment of the required fees; and it is further
ORDERED that upon such filing, the Clerk is directed to assign a new index number for the severed action and transfer all associated filings from the main index number to the new index number; and it is further
ORDERED that all further filings relating to the severed action shall be made under the new index number and proceed independently; and it is further
ORDERED that the parties to the main action, through counsel, shall appear for a certification conference on January 26, 2026 at 12:40 PM, via Microsoft Teams.
All other relief sought by this motion, and not expressly granted herein, is denied.