Ford v Luckain (2026 NY Slip Op 01493)

Ford v Luckain

2026 NY Slip Op 01493

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
SUSAN QUIRK, JJ.

2023-09929
 (Index No. 500740/11)

[*1]Reeshemah R. Ford, appellant, 
vAlphanso Luckain, et al., respondents.

William Pager, Brooklyn, NY, for appellant.
Acito Klein & Candiloros, P.C. (Lisa A. Comeau, Garden City, NY, of counsel), former attorney for respondent Alphanso Luckain.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Judy C. Selmeci of counsel), for respondents Rolling Frito-Lay Sales, LP, and Eric Ibanez.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated July 26, 2023. The order granted the motion purportedly made on behalf of the deceased defendant, Alphanso Luckain, pursuant to CPLR 1021 to dismiss the amended complaint insofar as asserted against him for failure to timely substitute a representative for Alphanso Luckain, granted the motion of the defendants Rolling Frito-Lay Sales, LP, and Eric Ibanez, inter alia, pursuant to CPLR 1021 to dismiss the amended complaint insofar as asserted against them for failure to timely substitute a representative for Alphanso Luckain, and denied the plaintiff's cross-motions, among other things, for the appointment of the Public Administrator of Kings County as temporary administrator of the estate of Alphanso Luckain and upon appointment, to substitute the Public Administrator of Kings County, as the temporary administrator of the estate of Alphanso Luckain, for Alphanso Luckain as a defendant.
ORDERED that the appeal from so much of the order as granted the motion purportedly made on behalf of the deceased defendant, Alphanso Luckain, pursuant to CPLR 1021 to dismiss the amended complaint insofar as asserted against him for failure to timely substitute a representative for Alphanso Luckain is dismissed, without costs or disbursements, and that portion of the order is vacated (see Hayden v Brown, 230 AD3d 657); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendants Rolling Frito-Lay Sales, LP, and Eric Ibanez, inter alia, pursuant to CPLR 1021 to dismiss the amended complaint insofar as asserted against them for failure to timely substitute a representative for Alphanso Luckain, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.
On September 30, 2010, the plaintiff allegedly was injured while she was a passenger in a vehicle operated by the defendant Alphanso Luckain when it collided with a vehicle operated by the defendant Eric Ibanez and owned by the defendant Rolling Frito-Lay Sales, LP (hereinafter together the Frito-Lay defendants). In September 2011, the plaintiff commenced this action to [*2]recover damages for personal injuries against Luckain and the Frito-Lay defendants.
On November 9, 2018, during the pendency of this action, Luckain died. In April 2023, the attorneys who had represented Luckain purportedly moved on his behalf pursuant to CPLR 1021 to dismiss the amended complaint insofar as asserted against him for failure to timely substitute a representative for Luckain as a defendant. The Frito-Lay defendants separately moved, inter alia, pursuant to CPLR 1021 to dismiss the amended complaint insofar as asserted against them on the same basis. The plaintiff opposed the motions and cross-moved, among other things, for the appointment of the Public Administrator of Kings County (hereinafter the Public Administrator) as temporary administrator of the estate of Luckain and upon appointment, to substitute the Public Administrator, as the temporary administrator of the estate of Luckain, for Luckain as a defendant. In an order dated July 26, 2023, the Supreme Court granted the motion purportedly made on Luckain's behalf, granted the Frito-Lay defendants' motion, and denied the plaintiff's cross-motions. The plaintiff appeals.
"The death of a party divests the court of jurisdiction and stays the proceedings until a proper substitution has been made pursuant to CPLR 1015(a). Moreover, any determination rendered without such substitution will generally be deemed a nullity" (Vapnersh v Tabak, 131 AD3d 472, 473 [internal quotation marks omitted]). The death of a party terminates his or her attorney's authority to act on behalf of the deceased party (see id. at 474; Lewis v Kessler, 12 AD3d 421, 422). Here, since the attorneys who had represented Luckain did not have the authority to act on his behalf following his death, the Supreme Court lacked jurisdiction to consider the motion to dismiss purportedly made on behalf of Luckain (see Hayden v Brown, 230 AD3d at 658; Fazilov v Acosta, 228 AD3d 910, 912; Vicari v Kleinwaks, 157 AD3d 975, 977; Vapnersh v Tabak, 131 AD3d at 474). Accordingly, so much of the order as granted that motion is a nullity (see Hayden v Brown, 230 AD3d at 658).
Nevertheless, the Supreme Court had jurisdiction to consider the Frito-Lay defendants' motion and the plaintiff's cross-motions (see Vicari v Kleinwaks, 157 AD3d at 977).
However, the Supreme Court erred in granting the Frito-Lay defendants' motion, inter alia, pursuant to CPLR 1021 to dismiss the amended complaint insofar as asserted against them for failure to timely substitute a representative for Luckain. "CPLR 1021 defines the procedural mechanisms for seeking a substitution of successor or representative parties, and for the dismissal of actions where substitutions are not timely sought" (Sokoloff v Schor, 176 AD3d 120, 134; see CPLR 1021). CPLR 1021 provides, in pertinent part, that "[i]f the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made." Further, "a motion to dismiss pursuant to CPLR 1021 requires that notice be provided to persons interested in the decedent's estate" (Feurtado v Page, 163 AD3d 926, 927; see Fazilov v Acosta, 228 AD3d at 912; Laroche v Laroche, 162 AD3d 1000, 1001). Here, the Frito-Lay defendants failed to demonstrate that they provided notice of their motion to any persons potentially interested in the decedent's estate. Moreover, the Frito-Lay defendants were not "the party for whom substitution should have been made" (CPLR 1021; see Vicari v Kleinwaks, 157 AD3d at 977). Thus, the Frito-Lay defendants were not entitled to dismissal of the amended complaint insofar as asserted against them pursuant to CPLR 1021.
"'In most instances the personal representative of the decedent's estate should be substituted in the action'" (Lopez v Jackson, 230 AD3d 1312, 1313, quoting Laroche v Laroche, 162 AD3d at 1001; see Lambert v Estren, 126 AD3d 942, 943). "'However, in the event no such representative exists, an appropriate appointment may be made by the Supreme Court and that individual may be substituted in place of the decedent'" (id., quoting Lambert v Estren, 126 AD3d at 943). The determination whether to exercise its authority to appoint a temporary administrator "is addressed to the broad discretion of the court" (Franco v Estate of Ketterer, 213 AD3d 912, 913; see Rosenfeld v Hotel Corp. of Am., 20 NY2d 25, 28; Lambert v Estren, 126 AD3d at 943).
Here, the plaintiff failed to sufficiently demonstrate that she provided notice of her cross-motions to persons interested in Luckain's estate (see Fazilov v Acosta, 228 AD3d at 912). Moreover, the plaintiff "failed to demonstrate the steps [she] had taken to secure the appointment [*3]of a personal representative in the appropriate Surrogate's Court or that resort to the appropriate Surrogate's Court was otherwise unfeasible . . . and otherwise failed to adequately demonstrate why the appointment of a temporary administrator was needed to avoid undue delay and prejudice" (Lopez v Jackson, 230 AD3d at 1313-1314; see Laroche v Laroche, 162 AD3d at 1002; Kastrataj v Blades, 136 AD3d 756, 758; Lambert v Estren, 126 AD3d at 943-944). Further, the plaintiff failed to adequately explain her delay in making the cross-motions or to submit an affidavit of merit to demonstrate the potential merit of the action (see Linyard v Long Is. Coll. Hosp., 234 AD3d 677, 679; Laroche v Laroche, 162 AD3d at 1002; Vicari v Kleinwaks, 157 AD3d at 977). Accordingly, under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the plaintiff's cross-motions, among other things, for the appointment of the Public Administrator as temporary administrator of the estate of Luckain and upon appointment, to substitute the Public Administrator, as temporary administrator of the estate of Luckain, for Luckain as a defendant.
The parties' remaining contentions are without merit.
BARROS, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court